THOMPSON ET AL. *v.* TRAVIS ET AL.

[No. 27,819.   Filed February 15, 1943.]

See, also, 220 Ind. 1.

*Isadore D. Rosenfeld,* of South Bend, for appellants.

*Walter R. Arnold,* of South Bend, and *Albert B. Chapman,* of Plymouth, for appellees.

FANSLER, J.—The substantial questions which it was sought to present to the trial court in this case are identical with the questions decided by the Appellate Court of Indiana, *In re Zeits* (1941), 108 Ind. App. 617, 31 N. E. (2d) 209.

The Plymouth Manufacturing Corporation leased its

property to its officers, who entered into an agreement, termed a partnership agreement, between themselves and all of the employees of the plant for the operation of the business under the name of the Plymouth Manufacturing Company. The question decided by the Appellate Court was whether, under the provisions of the Unemployment Compensation Act of 1937 (Acts 1937, ch. 125, p. 705), as amended in 1939 (Acts 1939, ch. 121, p. 585), the employees were partners or employees entitled to compensation.

This action was begun by two of the former employees, who asserted in the complaint that it was for their benefit, and the benefit of all their copartners, against the persons who were named in the so-called partnership agreement as members of the Board of Control, and the Review Board of and the Unemployment Compensation Division of the Treasury Department of the State of Indiana. The complaint sought a declaratory judgment to the effect that the parties were copartners and not employees, and that the Board of Control has no right to pay the tax contemplated by the statute above referred to, to the Unemployment Compensation Division or to the Unemployment Compensation Fund of the United States of America, and a declaration that if the plaintiffs come within the provision of the Unemployment Compensation Law, and the firm is liable for contribution, the law be declared unconstitutional. There is a further prayer for an injunction to enjoin the board from paying the tax contemplated by law. The defendants who were members of the Board of Control of the Plymouth Manufacturing Company answered admitting the facts but denying the legal conclusions of the complaint. The Review Board of the Unemployment Compensation Division of the Department of Treasury of the State

of Indiana and the Unemployment Compensation Division of the Department of Treasury of the State of Indiana appeared specially and filed a plea in abatement in which it is alleged that the action seeks to restrain and enjoin the governmental agencies involved from collecting the tax provided by the statute, and that the court had no jurisdiction to grant the relief sought. The plaintiffs demurred to the answer in abatement. The demurrer was overruled. The plaintiffs refused to plead further, and there was judgment abating the action as to the governmental agencies involved. There is no appeal from this judgment. As to the other parties, the cause was submitted to the court, and there was an order and decree declaring the rights of the parties and enjoining the Board of Control of the Plymouth Manufacturing Company from paying the tax involved.

The defendant members of the Board of Control appealed to this court upon the theory that there is a constitutional question involved. We found no such question, and the cause was ordered transferred to the Appellate Court. Four judges of that court having been unable to agree, the cause was transferred back to this court for determination.

The complaint shows on its face, and the answer of the appellants admits, that if the plaintiffs were employees within the meaning of the act, taxes were due the state and payment had been demanded. The question of liability for this tax can be determined only in an action in which the State or its appropriate agency is a party. A cause of action either for the collection of the tax, or to prevent its collection, had matured at the time this complaint was filed, and there was therefore no basis for a declaratory judgment even in an action in which the state or

its appropriate agency was a party. *Brindley et al.* v. *Meara et al.* (1935), 209 Ind. 144, 198 N. E. 301. The whole proceeding seems to be a self-serving device by which the members of the so-called partnership, plaintiffs and defendants, are seeking an adjudication that they are not indebted for the tax in the absence of the taxing agency. Under such circumstances, the court had no power to determine the right of the state to collect the tax, nor the duty of the company or its managing board to pay it. It was error to issue the injunction, since, in case of payment without legal liability to pay, there is a complete and adequate remedy at law for the recovery of the payment provided in the statute.

Judgment reversed, with instructions to set aside the judgment, and, since there was no demurrer, to dismiss the complaint for want of jurisdiction to enter a declaratory judgment and for want of equity as disclosed by the allegations of the complaint.

NOTE.—Reported in 46 N. E. (2d) 598.