PITZER ET AL. *v.* CITY OF EAST CHICAGO ET AL.

[No. 27,914.   Filed November 30, 1943.   Rehearing denied
December 21, 1943.]

*Crumpacker & Friedrich* and *Jay E. Darlington,* all of Hammond, for appellants.

*Loyd J. Cohen* and *Allen P. Twyman,* both of East Chicago, for appellees.

FANSLER, C. J.—Appellants were the plaintiffs below. It appears from their complaint that on December 31, 1938, the Board of Public Works and Safety of East Chicago passed a resolution appointing them as members of the city fire department, effective January 1, 1939, that they reported for duty at the appointed time, and that a new city administration took office on January 1st and refused to recognize them as firemen upon the ground that the retiring board had no authority to appoint them. On January 16, 1939, they began this action, seeking a declaratory judgment "determining all their rights, status and legal relations." After issues were made and evidence heard, an order and judgment were entered to the effect that the court:

". . . finds that a declaratory judgment or decree if rendered or entered in this cause would not terminate the uncertainty or controversy giving rise to this proceeding.

"The court therefore . . . now refuses to render or enter a declaratory judgment herein . . ."

There was judgment that the plaintiffs take nothing and that they pay the costs. There was a motion for a new trial and errors assigned which present the appellants' contention that the court's refusal to render or enter a declaratory judgment was erroneous.

Section 3-1106, Burns' 1933, § 443, Baldwin's 1934, provides: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." If the plaintiffs were right in their contention that they had been legally appointed as members of the city fire force, and that they were entitled to be recognized as such, and that on January 1st, and continuously thereafter, the city government had refused to so recognize them and place them on the pay roll and pay them as such, a cause of action justifying executory affirmative relief had accrued to them prior to the beginning of this action for a declaratory judgment. They might have maintained an action to require the city to recognize them as firemen, or an action for the salaries of which they had been deprived, or both. In those cases the court would necessarily have determined their rights and status as prayed in the action at bar, but it would have gone further and determined the relief, if any, to which they were entitled, and would have enforced its judgment and secured the relief for them. The judgment appealed from was entered on September 1, 1942, more than three and one-half years after they claimed to have become members of the fire force. Even though a declaration might be entered upon the basis of the complaint, there might be set-offs or defenses to the action for the salaries claimed to be due, and in the event of such additional litigation the case would have been tried piecemeal.

There is nothing in the record to disclose that the trial court was in error in concluding that a declaratory judgment would not terminate the controversy. Ordinarily an action for a declaratory judgment is appropriate only in cases where there are "ripening seeds" of controversy which have not yet developed into a right of action for executory relief. See *Owen* v. *Fletcher Savings & Trust Building Co.* (1934), 99 Ind. App. 365, 189 N. E. 173 (transfer denied). There may be cases in which a declaration of rights may properly be had in connection with a judgment granting executory relief, but we have adhered to the rule that, where a cause of action for affirmative executory relief has matured, the courts will not try the questions involved piecemeal, but will determine the rights of the parties only in connection with an action seeking the relief to which the complaining party would be entitled if his contentions are to be sustained. *Brindley et al.* v. *Meara et al.* (1935), 209 Ind. 144, 198 N. E. 301; *Thompson et al.* v. *Travis et al.* (1943), 221 Ind. 117, 46 N. E. (2d) 598; *Burke et al.* v. *Gardner et al.* (1943), 221 Ind. 262, 47 N. E. (2d) 148.

Judgment affirmed.

NOTE.—Reported in 51 N. E. (2d) 479.