HINKLE *v.* HOWARD

[No. 28,298. Filed June 16, 1947.]

Joseph A. Hinkle, *pro se.*

GILKISON, J.—Appellant filed his petition for a declaratory judgment in the La Porte Circuit Court. It alleged in substance that he was convicted of forgery in the Grant Circuit Court on May 4, 1934, and sentenced to the state prison for an indeterminate term of not less than two nor more than 14 years. He avers that he was thereafter released on parole but was returned to prison for violation, and was then, by the

prison authorities, given the remainder of his 14 year term, because of the violation. Appellant contends that this action of the prison authorities made his sentence a determinate sentence of 14 years, and that he is entitled to the good time allowance on a determinate sentence of 14 years, which would be five years, and reduce his determinate sentence to nine years. On this theory he should have been released on May 4, 1943.

Upon examination the court denied the petition from which denial this appeal is taken.

An action for a declaratory judgment is a statutory action based on the Acts of 1927, ch. 81 p. 208. §§ 3-1101 to 3-1116 inclusive, Burns' 1946 Replacement.

The rule is well settled that one who seeks to avail himself of a remedy provided by statute, must, by his pleadings, bring himself substantially within the provisions of the statute on which he relies. *Franklin* v. *Franklin* (1880), 71 Ind. 573, 575; *Fink* v. *Cleveland Etc. R. Co.* (1914), 181 Ind. 539, 543, 105 N. E. 116; *Wilmont* v. *City of South Bend* (1943), 221 Ind. 538, 543, 544, 48 N. E. (2d) 649; *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 171, 172, 59 N. E. (2d) 118.

The particular section of the Declaratory Judgment Law upon which appellant's action is based is § 3-1102, Burns' 1946 Replacement which so far as applicable to appellant's complaint is as follows:

"Any person . . . whose rights, status or other legal relations are affected by a statute, . . . may have determined any question or construction or validity arising under the . . . statute, . . . and obtain a declaration of rights, status or other legal relations thereunder."

This court has held that the only new remedy afforded by the Declaratory Judgment Law, is to provide an adequate remedy in cases where no cause of action has arisen authorizing an executory judgment, and where no other relief is or could be claimed. Relief under this statute can not be had where another established remedy is available. It is not intended to abolish the well known causes of action, nor does it afford an additional remedy where an adequate one existed before. It should not be resorted to where there is no necessity for a declaratory judgment. *Brindley* v. *Meara* (1935), 209 Ind. 144, 198 N. E. 301.

If the averments of appellant's complaint are taken as true, including his contention that his sentence became a determinate sentence because of the action of the prison authorities, then he would have had an available action of *habeas corpus* maturing May 4, 1943. *Habeas corpus* is a coercive action and by it—assuming his contentions to be correct and soundfull and complete relief could be granted. *Hinkle* v. *Dowd, Warden* (1944), 223 Ind. 91, 58 N. E. (2d) 342. From his complaint it thus appears that appellant had a full, adequate and complete remedy at law by way of *habeas corpus,* and therefore agreeable with the holding in *Brindley* v. *Meara, supra,* he can not have the additional remedy provided for by the Declaratory Judgment Law.

However, we think appellant's sentence remained an indeterminate sentence, notwithstanding the action of the prison authorities in imposing the maximum sentence for violation of parole, and therefore it is not governed or affected by the "Good Time Law" provided for prisoners having determinate sentences. Another method is provided for rewarding good

behavior of prisoners serving indeterminate sentences. *Hinkle* v. *Dowd, supra.*

The action of the lower court is affirmed.

NOTE.—Reported in 73 N. E. (2d) 676.