## MYERS ET AL. *v.* THE STATE LIFE INSURANCE COMPANY

[No. 18,339. Filed February 3, 1953.]

*James K. Northam,* of Indianapolis, for appellants.

*G. R. Redding* and *Byron P. Hollett,* of Indianapolis, for appellee.

CRUMPACKER, J.—Appellee, The State Life Insurance Company, sought and obtained a declaratory judgment in the court below wherein it was decreed that said appellee "has no obligation of any nature whatsoever to employ the defendants (appellants) Clarence T. Myers and Richard G. Foltz, or either of them, as architects for any building which the plaintiff may hereafter construct. . . ."

Insisting that the facts pleaded in the complaint fail to show a justiciable controversy between the parties and therefore the court ought not to entertain jurisdiction of the cause, the appellants demurred, for that reason only, and were overruled. The propriety of this ruling is the sole question in review.

As we construe the complaint it confronted the trial court with the following factual situation: The appellee has under consideration the construction of a home office building in Indianapolis, Indiana, and proposes to employ architects to prepare plans and specifications therefor. That by reason of previous dealings with the appellants and a letter written to them by the appellee, the appellants are insisting that a contract now exists between the appellee and them whereby the appellee is legally bound to employ them as such architects. The appellee has no confidence in the present architectural skill and ability of the appellants and does not desire to use their services. It denies that there is anything in its past relationship with the appellants or in its letter to them that in any way obligates it to do so. Therefore, before employing architects to prepare plans and specifica-

tions for the building under consideration, they ask the court to adjudge the appellants' claim to an existing contract of employment to be unfounded and without right. On these facts the court concluded the remedial provisions of our Declaratory Judgments Act, being Burns' Stat., §§3-1101 through 3-1116, were available to the appellee and overruled the appellants' demurrer.

We see no need for an extended discussion of the provisions of the act. It is sufficient to say that it grants to courts of record general power to declare, by way of affirmative or negative judgment, rights, status and other legal relations as to parties between whom an actual, bona fide justiciable controversy exists or whose relationship shows the "ripening seeds" of such a controversy. These general powers are not curtailed by any of the specific provisions of the act "in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or *remove an uncertainty.*" (Our emphasis.) The act declares its own purpose in the following words: "This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relationships; and is to be liberally construed and administered."

Notwithstanding these broad provisions we realize that our courts have placed limitations on the act's use. Executory or coercive relief is not warranted nor does the act afford an additional or substitute remedy where a full and adequate one is already provided through common law or other established procedure. *Brindley* v. *Meara* (1935), 209 Ind. 144, 198 N. E. 301. The complaint under consideration, however, shows no disregard for these limitations

but on the contrary seeks to quiet and stabilize as uncertain jural relation between the parties. The appellants claim that the appellee is bound by valid contract to employ them to prepare plans and specifications for an office building it is considering constructing. The appellee denies that any such contract exists and proposes to employ other architects if its contention in that regard is correct. In order to dispel the uncertainty and thus enable it to employ architects of its own choosing without subjecting itself to a suit for breach of contract, it asks the court to declare its status and rights in reference to such asserted contract. It is difficult for us to conceive of a situation where the remedy afforded by a declaratory judgment could be more appropriate. It would be hazardous for the appellee to act upon its own assumption that no contract exists between it and the appellants and hire other architects to their exclusion. To do so would be to invite an action for damages resulting from a breach of contract. "To escape from such risks and their painful consequences by obtaining authoritative determination of one's rights before acting is one of the principal functions of the action for a declaratory judgment." 45 Harv. L. R. 793, 815.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 2d 312.