RAINWATER *v.* MERRIMAN ET AL.

[No. 18,851.   Filed May 15, 1957.   Rehearing denied
June 25, 1957.]

*Leroy Baker,* of Bloomington, and *Gilbert W. Butler,* of Martinsville, for appellant.

*Philip S. Kappes, Carl D. Overman,* and *Dutton & Kappes,* of Indianapolis, for appellee, Merriman.

ROYSE, J.—This is an appeal from a judgment in an action for a declaratory judgment brought by appellee Merriman against appellant and the other named appellees. (Hereinafter the term appellee shall refer to said appellee unless otherwise indicated.) The facts which brought about this litigation, as disclosed by the record, may be summarized as follows:

(Appellee Opal Clouser Oldfather and Opal Clouser are one and the same person. Appellee Earl W. Oldfather is her husband. Appellant Rainwater was at all of the times referred to herein the Clerk of the Morgan Circuit Court. Appellee Bridwell was at all of the times referred to herein the Clerk of the Johnson Circuit

Court. The interests of the other named appellees appear in the statement of facts herein.)

On the 16th day of December, 1946, appellee filed his complaint for damages and possession of real estate against Opal Clouser and Wilfred Clouser and the Harvel Investment Company, Inc. in the Morgan Circuit Court, being Cause No. 24193. On the 11th day of September, 1948 said cause was removed by change of venue to the Johnson Circuit Court where the same was docketed as Cause No. 15182. On the 11th day of April, 1951 appellee recovered a judgment against said Clousers for $3500 with interest at the rate of 6% from said date. This judgment was duly entered in the records of said court.

On the 13th day of April, 1951 appellee required appellee Bridwell to prepare and transmit to the Clerk of the Morgan Circuit Court a properly certified transcript of said judgment for the purpose of having such judgment docketed in Morgan County so that it would become a lien upon the Morgan County real estate of the judgment defendants.

On the same day a transcript of said judgment was filed in the office of the Morgan Circuit Court. Said transcript was set forth in full in the transcript record in the office of said Clerk. The heading of said transcript was as follows: "Edward E. Merriman vs. Wilfred Clouser et al. No. 15182." Then follows the judgment. On the same day said judgment was also recorded in Judgment Docket 20, page 40 in the office of said Clerk, which record is as follows:

| "Defendant | Plaintiff | Amount of Judgment | Date of Judgment |
|------------|-----------|--------------------|------------------|
| Cause No. 15182 Wilfred Clouser and Opal Clouser | Edward E. Merriman | $3500.00 | April 13, 1951." |

On the same day appellant Rainwater caused the fol-

lowing index entry to be placed upon Judgment Docket 20 of said Morgan Circuit Court:

"*Judgment Defendant Plaintiff*        *Page*

Wilfred Clouser et al    Edward E. Merriman    40"

On the 13th day of April, 1951 appellee Opal Clouser Oldfather was the owner of certain real estate in Morgan County. On the latter date she conveyed by warranty deed said real estate to appellee Roy Bowser of Miami County, Indiana. Said deed was duly recorded in the office of the Recorder of Morgan County, Indiana.

On the 4th day of March, 1952 said Bowser conveyed this real estate by warranty deed to appellee Highland Realty Company, Inc. This deed was recorded in the office of the Recorder of Morgan County on March 13, 1952.

Subsequently, said Highland Realty Company executed a certain conditional sales contract on said real estate to the appellees Whitted.

Appellee says the appellees Oldfather, Bowser, Highland Realty Company, Inc. and Whitted contend that since said judgment was not indexed in the name of Opal Clouser, pursuant to the terms of Sec. 2-2520, Burns' 1946 Replacement, that appellee's judgment failed to become a lien on said real estate. Appellant contends the statute was fully complied with and that appellee's judgment did become a lien on said real estate; or in the event no lien did affix to said real estate, that the transcript as prepared and transmitted by appellee Bridwell was defective in that the caption thereof was incomplete since it did not reflect the names of all the parties at length and thereby led appellant to improperly index the same. Appellee Bridwell denies the transcript he prepared and sent to the Clerk of the Morgan Circuit Court was defective.

At the conclusion of the trial the court found: (1)

that the facts stated in plaintiff's amended complaint for declaratory judgment were true; (2) that a controversy existed among the parties as to whether or not plaintiff's judgment became a lien upon the real estate described in the amended complaint and the effect, if any, of the actions of the defendant clerks in their official capacities, and was the proper subject of a declaratory judgment proceeding; (3) that the controversy among the parties left plaintiff without an existing one-action remedy other than an action for declaratory judgment, in which all the parties to the controversy could be joined; (4) that from the evidence in the cause defendant Ray Rainwater failed in his official and statutory duty as clerk of the Morgan Circuit Court properly to index plaintiff's judgment in the records of the Morgan Circuit Court; (5) and that plaintiff's judgment accordingly never became a lien against the real estate described in the amended complaint.

It was accordingly adjudged by the court (1) that the allegations of plaintiff's amended complaint were true; (2) that defendant Ray Rainwater failed in his official and statutory duty as the Clerk of the Morgan Circuit Court properly to index plaintiff's judgment as provided by law; (3) that because of such failure on the part of defendant Ray Rainwater, no lien attached to the real estate described in plaintiff's amended complaint (4) and that the other defendants were each without fault.[1]

---

1. Sec. 2-2520, Burns' 1946 Replacement, provides as follows: "Judgment docket—Statement or transcript.—The clerk of the circuit court of each county shall keep a judgment docket in which he shall, upon the filing in his office of a statement or transcript of any judgment for the recovery of money or costs, as hereinafter provided, enter and index in alphabetical order a statement of such judgment showing:

(1) The names, at length, of all the parties, the name of the court, the number of the cause, the book and page of record wherein the judgment is recorded, and the date of its rendition.

(2) The amount of the judgment and the amount of costs.

(3) If the judgment be against several persons, the statement

The question presented by this appeal is: Was appellee entitled to a declaratory judgment in this action?

Appellant contends that the Uniform Declaratory Judgments Act does not abolish other well known causes of action, nor furnish additional remedy where an adequate one previously existed. He also contends there clearly existed a statutory remedy by which appellee could have recovered his damage, if he had in fact sustained any damage. Citing §2–2523, Burns' 1946 Replacement.[2]

He further contends that no damage was shown to have been sustained by appellee and therefore the question of appellant's liability is moot. Finally he says appellee has not attempted to get an execution against the property of Opal Clouser Oldfather and has not

shall be repeated under the names of each judgment debtor in alphabetical order.

Any person interested in any judgment for money or costs which shall have been rendered by any court of general original jurisdiction, state or federal, sitting in the state of Indiana may file or cause to be filed in the office of the clerk of the circuit court of any county in this state, a statement thereof setting forth the above facts, or a transcript of said judgment, duly certified, in either case, under the hand and seal of the court rendering said judgment; and such clerk shall thereupon forthwith enter the same upon the judgment docket in manner and form as aforesaid."

Sec. 2-2706, Burns' 1946 Replacement, provides as follows:

"Lien upon real estate—Limitation of lien.—All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction sitting in the state of Indiana, whether state or federal, shall be a lien upon real estate and chattels real liable to execution in the county where, and only where, such judgment has been duly entered and indexed in the judgment docket as provided by law, from and after the time the same shall have been so entered and indexed, and until the expiration of ten [10] years from the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction or by death of the defendant, or by agreement of the parties entered of record."

2. "Every clerk neglecting to enter any judgment or recognizance, as herein required, shall be liable to any person injured for the amount of damages sustained by such neglect, to be recovered in an action against the clerk alone, or upon his official bond against him and his sureties."

shown she does not have ample property within the county from which the judgment can be satisfied.

In support of his contentions appellant relies principally on the following authorities: *Brindley et al.* v. *Meara et al.* (1935), 209 Ind. 144, 198 N. E. 301; *Pitzer et al.* v. *City of East Chicago et al.* (1943), 222 Ind. 93, 51 N. E. 2d 479; *Hinkle* v. *Howard* (1947), 225 Ind. 176, 73 N. E. 2d 674; *Bryarly et al.* v. *State of Indiana et al.* (1953), 232 Ind. 47, 111 N. E. 2d 277.

Appellee in his argument concedes the rule in Indiana in reference to declaratory judgments is as stated by appellant. He says in all the above cited cases the Supreme Court pointed out the rights and liabilities of all the parties concerned were clearly susceptible of determination in some well-established action for executory relief. He contends that is not true in this case because the controversy here involved multiple parties, all of whom were asserting positions adverse to him, based on various theories of liability. The existence of this controversy is shown by the various pleadings in the record herein. He says the question of damages was not an issue in this case and could not properly have been made so. In support of these contentions he cites: *Myers et al.* v. *The State Life Insurance Company*, (1953), 123 Ind. App. 246, 110 N. E. 2d 312; *Rogers et al* v. *The Calumet National Bank of Hammond et al.* (1938), 213 Ind. 576, 12 N. E. 2d 261; *Portage Township of St. Joseph County* v. *Clinic, Inc. et al.* (1941), 109 Ind. App. 365, 33 N. E. 2d 786.

The leading case in this jurisdiction on the question presented here is the case of *Brindley et al* v. *Meara et al., supra.* That case grew out of a prior action wherein the appellants procured a declaratory judgment construing Chapter 74 of the Acts of 1931 as conferring power upon the Advisory Board and not upon the Trustee to select the persons that will be employed

by the Trustee as investigators, etc., in discharging the
duties of the Trustee concerning relief to the poor. The
judgment in the first case was affirmed. *Meara, Trustee
et al.* v. *Brindley et al.* (1935), 207 Ind. 657, 194 N. E.
351. While the appeal was pending in that case appellants filed a verified petition for further relief under
Section 8 of the Declaratory Judgments Act, §3-1108,
Burns' 1946 Replacement. The petition alleged that the
Trustee had made defamatory statements about the
Board after said Board had, pursuant to said judgment,
selected the persons to be employed by the Trustee; that
after the publication of such statements the Trustee
presented a claim for the allowance of salaries to certain investigators selected by her in total disregard of
the statute, and the judgment declaring its effect and
the resolution of the Advisory Board appointing such
employees; that appellants were threatened, hampered,
harrassed and annoyed directly and indirectly in the
performance of their duties. As further relief an order
is prayed directing the Trustee to comply with the Act
as construed by the Declaratory Judgment and enjoining the Trustee from interfering, etc. with appellants in the performance of their duties. Appellees
orally moved that such petition be stricken from the
files of the court for want of jurisdiction. The trial
court sustained that motion.

In affirming that action our Supreme Court, after a
thorough review of the history and purpose of the Act,
said:

"there have been, and will be, few cases where a
party who is entitled to consequential executory
relief will ask for merely declaratory relief which
affords no coercive remedy. A resort to such practice would in most cases result in two affirmative
steps; the first, to have rights declared under the
contract, statute, or other instrument, and, the
second, for another judgment or decree as a basis
for enforcing compliance, a procedure which is

against the policy of our Code as expressed in many of its provisions."

The court then quoted with approval the following from the case of *James* v. *Alderton Dock Yards* (1931), 256 N. Y. 298, 176 N. E. 401:

"The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judicially and with care. (Authority.) It is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action. The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. (Authorities.) No limitation has been placed, or attempted to be placed, upon its use, and yet this main purpose underlies the exercise of discretion. (Authorities.) Where there is no necessity for resorting to the declaratory judgment, it should not be employed. (Authorities.)"

The Supreme Court then declared:

"There are no repealing clauses in our statute, and, in view of the fact that it is declared to be remedial, and that 'its purpose is to settle and to afford relief from uncertainty and insecurity with respects to rights, status and other legal relations,' it cannot be interpreted as intended to abolish the well-known causes of action, or designed to furnish an additional remedy where an adequate one existed before. It was intended to furnish a full and adequate remedy where none existed before, *and was not intended for use, and should not be resorted to, where there is no necessity for a declaratory judgment.* It is true that section 12 of the act provides that it is to be liberally construed and administered, but this provision affects only the construction of the act for the purposes for which it was intended, and has no reference to liberality in construction that would extend the provisions of

the law beyond the field of its purpose." (Our emphasis).

The court then held the provisions of Section 8 of the Act referred to additional declaratory relief and was not intended to provide a new remedy for coercive relief based on a declaratory judgment.

In *Burke et al.* v. *Gardner et al.* (1943), 221 Ind. 262, 47 N. E. 2d 148, the Supreme Court held the owners of a lot near another lot upon which a church was being erected in violation of restrictive covenants applying to the subdivision in which the lots were located, had an available remedy by injunction and were not entitled to a declaratory judgment.

In *Thompson et al.* v. *Travis et al.* (1943), 221 Ind. 117, 46 N. E. 2d 598, the Supreme Court held that where a cause of action *had matured* at the time the complaint for declaratory judgment was filed there was no basis for a declaratory judgment *even* in an action in which the State or its appropriate agency was a party.

In *Pitzer et al.* v. *City of East Chicago et al., supra,* the action was commenced by appellant et al. for a declaratory judgment to have determined their rights as members of the fire department of East Chicago. The court, in affirming the judgment refusing to enter a declaratory judgment, said: ". . . we have adhered to the rule that *where a cause of action for affirmative executory relief has matured, the courts will not try the questions involved piecemeal,* but will determine the rights of the parties only in connection with an action seeking the relief to which the complaining party would be entitled if his contentions are to be sustained." (Our emphasis).

In *Hinkle* v. *Howard, supra,* in affirming the action of the trial court in denying a petition for a declaratory

judgment, the court said: *"Relief under this statute (Declaratory Judgment Act) cannot be had where another established remedy is available.* It is not intended to abolish the well known causes of action, nor does it afford an additional remedy where an adequate one existed before." (Our emphasis).

In *Bryarly, et al.* v. *State of Indiana, et al., supra,* the court held the Declaratory Judgment Act may not be used as a substitute for appeal.

In each of the five last cited cases the court cited and approved the holding in *Brindley et al.* v. *Meara et al., supra.*

The foregoing cases have stated clearly the conditions under which the provisions of the Declaratory Judgment Act may be invoked.

It is apparent in this case that appellee would have to resort to another independent action before he could obtain final relief. As indicated by the above authorities, this would contravene "the policy of our Code."

There is nothing in the record before us to indicate that appellee caused an execution to be issued on his judgment, or that he took any other steps to collect the same. The lien of the judgment could not be enforced if the judgment debtor had sufficient personal property to satisfy it. It is not shown that appellee did not and does not own other real estate in Morgan County valuable enough to satisfy appellee's judgment. If appellee had followed the statutory procedure for the collection of his judgment, all of the matters which he sought to have determined by this action could have been determined in one action.

The cases of *Myers et al.* v. *State Life Insurance Company, supra, Rogers et al.* v. *Calumet National Bank of Hammond et al., supra, Portage Township of St. Joseph County* v. *Clinic, Inc. et al., supra,* and others relied on

by appellee are clearly distinguishable from the question before us in this case. Their holdings are in harmony with the authorities we have relied upon in deciding this case.

For the reason herein stated, the judgment of the Monroe Circuit Court is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings in accord with the views expressed herein.

NOTE.—Reported in 142 N. E. 2d 467.