BACEVICH v. CAMPAGNA ET AL.

[No. 19,878. Filed December 3, 1964.]

*Stodola & McDonagh,* of Hammond, and *Richard M. Givan,* and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellant.

*John N. Stanton,* of East Chicago, for appellee.

CARSON, J.—This appeal comes to us from the Lake Superior Court, Lake County, Indiana, and is from an action for a declaratory judgment. The appellant and appellees started out as partners in the practice of medicine in Lake County, Indiana, under a formal partnership agreement which was executed on the 31st of December, 1955, and which agreement is made an exhibit to the plaintiff's complaint. The plaintiff's complaint alleges that a controversy has arisen with respect to paragraph 2 on page 2, paragraph 3 on page 3, the last paragraph on page 4, paragraph 3 on page 6 and the top of page 7, paragraph 2 on page 7, the last paragraph on page 7 which is concluded on the top of page 8 and paragraph 1 on page 8.

The plaintiff further alleges that Dr. Bernardi terminated his relationship to the parties in March of 1956, without notice; that Dr. Kamen terminated his relationship in June of 1959 without notice; that Dr. Barron terminated his relationship with the parties in September of 1959 without notice.

The plaintiff further alleges that the agreement provided that no change in the partnership would take place without the unanimous consent and agreement of all parties.

The complaint is then concluded with a request for a declaratory judgment of those paragraphs of the contract set out in the complaint.

To the plaintiff's complaint the defendant appellee Dr. Campagna filed an answer in admission and also joined in the same paragraph of the answer some affirmative allegations contending that Dr. Bernardi and Dr. Kamen withdrew with the consent of the remaining partners; that Dr. Barron withdrew without consent and in violation of the partnership agreement. He further alleges that the plaintiff and the defendant did have discussions concerning the rearrangements of the partnership interest and contends that the rights of the parties as between Dr. Bacevich and Dr. Campagna are governed by the original contract of December, 1955, as modified by a verbal agreement in the fall of 1959 and ask that a declaratory judgment be rendered by the court declaring the rights of the parties accordingly.

To the appellant's affirmative paragraphs of answer the plaintiff-appellees filed a reply in admission and denial under rule 1-3 of the Supreme Court of Indiana.

Both parties moved for special findings of fact and conclusions of law and submitted the same to the court and after deliberation the court entered its findings of

fact and conclusions of law and rendered judgment accordingly.

The appellant then filed a motion for new trial in which motion he contended: first, that the decisions of the court in its special findings of fact were not sustained by sufficient evidence and were contrary to law as regards findings 2, 3, 4, 6, 9, 10, 11 and 12; second, that the court failed to find certain facts which the appellant enumerates in ten paragraphs and that the court erred in its conclusions of law number 4 and 5 in that they were contrary to law.

In the case of *Bryant et al.* v. *Owens* (1953), 232 Ind. 237, 111 N. E. 2d 804, at page 241, our Supreme Court said:

" . . . 'Where resort to the record is necessary, the case will be determined by the record, and in such a case the court will not regard itself as governed by the conceptions of counsel on either side as to the nature of the controlling facts. . . . ' "

The same holding may be found in the case of *Van Winkle* v. *VanWinkle* (1954), 124 Ind. App. 626, 118 N. E. 2d 389, and cases cited therein. Where we have searched the record and find cause for reversal other than those argued by counsel it is our duty *sua sponte* to raise and determine such question.

It appears to us that the record shows by the pleadings of both parties that the partnership agreement had been breached. Such a breach gave rise to an immediate cause of action for a dissolution and accounting, and the further possibility of an action for damages against the partners who withdrew without consent providing that it could be established that the partnership had been damaged by such with-

drawal. 40 Am. Jur., Partnership, §242; 68 C. J. S., Partnership, §347.

The declaratory judgment act of Indiana has been interpreted by our Supreme Court in *Pitzer et al.* v. *City of East Chicago* (1943), 222 Ind. 93, 96, 51 N. E. 2d 479, wherein the Court said:

> "Ordinarily an action for a declaratory judgment is appropriate only in cases where there are 'ripening seeds' of controversy which have not yet developed into a right of action for executory relief. See *Owen* v. *Fletcher Savings & Trust Building Co.* (1934), 99 Ind. App. 365, 189 N. E. 173 (transfer denied). There may be cases in which a declaration of rights may properly be had in connection with a judgment granting executory relief, but we have adhered to the rule that where a cause of action for affirmative executory relief has matured, the courts will not try the questions involved piecemeal, but will determine the rights of the parties only in connection with an action seeking the relief to which the complaining party would be entitled if his contentions are to be sustained. *Brindley et al.* v. *Mears et al.* (1935), 209 Ind. 144, 198 N. E. 301; *Thompson et al.* v. *Travis et al.* (1943), 221 Ind. 117, 46 N. E. 2d 598; *Burke et al.* v. *Gardner et al.* (1943), 221 Ind. 262, 47 N. E. 2d 148."

When we apply this test it appears to us that this is not a case where there were ripening seeds of controversy, but the existence of an adequate remedy at law and a right of action had accrued in equity for dissolution and accounting. After careful consideration of the record it is our opinion that the action was not properly brought under the declaratory judgment statute and that the appeal may be disposed of upon the sole consideration of this question. For the reason stated it is our opinion that this action was not properly brought under the declaratory judgment statute; that the judgment of the court should be reversed.

Judgment reversed.

Faulconer, C. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 581.