**Harold WEINSTEIN, Plaintiff,**

v.

**WILLIAMS–McWILLIAMS INDUS-TRIES, INC., Defendant.**

**Civ. A. No. 2971.**

United States District Court,
D. Delaware.

June 10, 1970.

H. James Conaway, Jr., and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for plaintiff.

David F. Anderson, of Potter Anderson & Corroon, Wilmington, Del., for defendant. Deutsch, Kerrigan & Stiles, New Orleans, La., and White & Case, New York City, of counsel.

LAYTON, District Judge.

The plaintiff filed this action February 12, 1965, seeking declaratory relief under 28 U.S.C. § 2201 to determine the rights and liabilities between the plaintiff and the defendant with regard to a question in controversy. He also seeks further relief in the form of a money judgment.

The plaintiff was a Vice-President and a Director of Williams-McWilliams in 1961 when that corporation decided to sell its Merkel Division. He alleges that he was authorized to negotiate the sale. He retained A. M. Simon, Inc., to find a buyer for a fee of 5% of the gross sales price. Simon found a buyer who, it claimed, was ready, willing and able to purchase Merkel Division, but the sale was never consummated. Simon filed suit in New York Supreme Court in 1962 against both Weinstein and Williams-McWilliams to recover its brokerage fee in the sum of $245,000.00. This declaratory judgment action arises out of these same facts.

Ancillary to the New York complaint against Williams-McWilliams and himself, Weinstein filed a cross-complaint[1] against Williams-McWilliams praying for a judgment for all costs and expenses incurred by reason of the Simon suit filed against him and for any judg-

---

1. Complaint, Exhibit C, paragraphs 35–41.

ment which Simon might recover against him. Williams-McWilliams filed an answer and counterclaim to the cross-claim[2] denying that Weinstein was entitled to reimbursement for his costs in connection with the Simon suit and alleging that they were entitled to reimbursement for any judgment against them and legal costs incurred because of Weinstein's alleged unauthorized and negligent actions.

After a series of complicated and time-consuming legal maneuvers, the New York situation has progressed slowly to the point where all of Simon's claims against the plaintiff and defendant have been dismissed. A brief history of the New york litigation shows that in early 1967, the New York Supreme Court dismissed Simon's complaint. Undaunted, in December of 1967, Simon reinstituted a new complaint which was virtually identical to the one earlier dismissed. This complaint was removed to the federal district court for the Southern District of New York. In June of 1968, a motion to dismiss was granted as to Williams-McWilliams. In June of 1969, Weinstein moved for summary judgment in his favor.[3] This was granted and the federal suit was dismissed in September of 1969. Simon has, therefore, lost all its suits against these parties in New York.

However, the controversy between these parties raised in the cross-complaint in the original suit is still pending in the New York Supreme Court. After the Simon complaint had been dismissed, Weinstein, in October 1967, filed a motion for voluntary dismissal of this cross-complaint and cross claim. That court denied this motion on November 17, 1967, stating: "no valid grounds having been submitted in support thereof." [4] Since that time, nothing has been done

to pursue the state court litigation to determine Williams-McWilliams' liability to Weinstein for legal expenses incurred in defense against Simon. As to the New York litigation, there has been no evidence in the record which demonstrates diligence by either party.

The case is now before this Court on a motion by the defendant to dismiss the action, or in the alternative, to transfer it to New York. I decide only the first question.

 The issuance of a declaratory judgment lies within the sound discretion of the Court. In the exercise of its discretion, however, the existence of another suit of a coercive nature involving the same issues which is more effective or efficient is a persuasive factor[5] in the decision whether to exercise jurisdiction. Professor Moore states the problem thus:

"Although the court will not deny declaratory relief simply because another remedy is available, it may properly refuse jurisdiction where the alternative remedy is better or more effective. The fact that another suit is pending may cause the court to refuse jurisdiction where it is found that the pending action involves the same issues as those raised by the declaratory judgment action." [6]

In order to refuse declaratory relief in this Circuit, it must be clear that the other pending suit will finally settle the rights of the parties. Judge Maris in Maryland Casualty Co. v. Consumers Finance Service, 101 F.2d 514 (3d Cir. 1938), stated the rule to be:

"The granting of the remedy of a declaratory judgment is nevertheless discretionary with the court and it may be refused if it will not finally settle the rights of the parties or if it

---

2. Complaint, Exhibit D, paragraphs 6–14.

3. Weinstein premised his motion on three grounds: a) the running of the statute of limitations; b) the failure by the plaintiff to state a claim on which relief could be granted; c) lack of an indispensible party.

4. Exhibit, affidavit of David Anderson, Esquire, filed December 5, 1967.

5. 6A Moore, Federal Practice, ¶ 57.08 [3], at 3032.

6. Id, ¶ 57.08 [2], at 3031.

is being sought merely to determine issues in cases already pending. * * * It may not be refused, however, merely * * * because of the pendency of another suit, if the controversy between the parties will not necessarily be determined in that suit." [7]

If it is unclear whether the pending suit involves identical issues and the Court is unable to say that one suit is superior to the other in comparative utility,[8] then the Court might properly allow both suits to go forward and defer action in the declaratory judgment action to see if the coercive suit will settle the controversy between the parties. If all the issues are not settled, the remaining issues could be dealt with by declaratory relief. For a full discussion of this subject, see 6A Moore Federal Practice ¶ 57.08[6].

Concededly, at this point it is uncertain whether the issues in the New York state suit are identical with those before the Court here. But the question remains whether the issues cannot be made identical by proper amendment to the pleadings in the New York litigation.[9] The cross-complaint in that suit seeks indemnification for "the costs and expenses incurred by him [Weinstein] by reason of this action" based on the by-laws of the corporation. Here, Weinstein seeks to recover his legal expenses for the state court action on the original complaint by Simon, for the second state court action which was removed to the federal court, and for the instant suit based on: a) the by-laws of the corporation; b) Section 145 of the Delaware Corporation Code; c) the common law right of a director to indemnification. The two suits, however, involve the same operative facts of Weinstein's involvement with Simon in an effort to sell the Merkel Division for Williams-McWilliams.

■ The ultimate determination of whether the issues are, or can be made, identical depends on the New York Rules of Procedure. Under the federal rule 15, given the original facts pleaded in the cross-complaint, the plaintiff would be able to amend his pleadings to include new theories of recovery which entitle him to relief on the facts pleaded. In fact, the Court would be obliged to supply the correct theory of relief to fit the well-pleaded facts.[10] Moreover, the liberal view of amendment would allow a federal plaintiff to amend the complaint to allege new costs which had been incurred in new law suits arising from the same operative facts for which he claims indemnification. The New York rule governing amendment, Rule 3025, provides in relevant part:

"(b) Amendments and supplemental pleadings by leave. A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.

"(c) Amendment to conform to the evidence. The court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be

7. 101 F.2d at 515.

8. Employing the factors of convenience of court, witnesses and parties; docket pressures; and the use of a prior determination of the issues in a declaratory judgment proceeding in the other action.

9. "It seems well settled that the mere pendency of another action involving the same set of facts does not in and of itself preclude the exercise of the declaratory jurisdiction. Pendency is important, however, where the action for coercive relief would necessarily settle (or could conveniently be made to settle) the identical issues raised in the declaratory judgment action, * * *" 6A Moore Federal Practice ¶ 57.08 [6] p. 3038. (Emphasis added.)

10. Gins v. Mauser Plumbing Supply Co., 148 F.2d 974 (2d Cir. 1945); see also, 2A Moore, Federal Practice, ¶ 8.14; Wright, Federal Courts, § 68.

just including the granting of costs and continuances."

These provisions are essentially the same as the federal rules and, in my view, the cross-complaint filed by Weinstein against Williams-McWilliams in the New York action could be amended to include the same issues as the declaratory judgment action here.

In cases like this, where the issues are (or could by amendment be) substantially the same in both law suits, the courts have adopted a chronological test denying declaratory relief where a pending suit was filed earlier.[11] Moreover, in weighing the equitable considerations of crowded dockets and the convenience of witnesses and parties, I am not led to a different result here. New York is at least as convenient a forum as Delaware for the purposes of this suit.[12] Nor does it lie in the mouth of this plaintiff to argue the crowded docket in the New York Supreme Court when for nearly three years he has done nothing to push the case there to final determination. In fact, even this declaratory judgment action at one point was nearly dismissed for want of prosecution.[13] The only action taken by Weinstein in New York was, as above stated, in October 1967 when he filed the motion to dismiss the cross-complaint against Williams-McWilliams which was denied. At this time, the plaintiff cannot complain that the New York action will take too long to try where, had it been pursued diligently, it could have already been decided.

Accordingly, I will not exercise my discretion to grant declaratory relief at this time because it appears that declaratory judgment is being sought by a plaintiff himself dilatory to determine issues which in all probability can be amended in the cross-complaint and de-

cided in the New York case already pending. The case will, however, remain open to await the conclusion of the New York suit to determine if the controversy between the parties is there disposed of as the result of amending the complaint.

Submit order.

---

11. 6A Moore, Federal Practice ¶ 57.08 [6] and cases cited at n. 15.

12. Weinstein is an Illinois resident. Williams-McWilliams is a Delaware corporation with its principal place of business in New Orleans.

13. See letters by this Court to H. James Conaway, Esquire, attorney for Weinstein, dated October 29, 1968 and October 17, 1969.