VOLKSWAGENWERK, A. G. and Volkswagen of America, Inc., Appellants (Plaintiffs Below),

v.

Enola WATSON, by her Guardian, Stephen Watson and Stephen Watson, Individually, Appellees (Defendants Below).

No. 1–1078A286.

Court of Appeals of Indiana,
First District.

June 25, 1979.

Rehearing Denied July 24, 1979.

William M. Osborn, Thomas J. McKeon, Osborn & Hiner, Indianapolis, for appellants.

Thomas L. Hulse, Woolbert, Cunningham & Hulse, Anderson, for appellees.

ROBERTSON, Judge.

On February 1, 1977, defendant-appellee Enola Watson by her guardian, Stephen Watson (Watson), filed a complaint against plaintiffs-appellants Volkswagenwerk, A. G. (Volkswagenwerk), and Volkswagen of America, Inc. (Volkswagen), in the Madison Superior Court, Division Two. The complaint resulted from an automobile collision and was predicated upon the theories of negligence and strict liability. That cause was subsequently removed to the United States District Court for the Southern District of Indiana ,by Volkswagenwerk, jurisdiction being based on diversity of citizenship.

On July 13, 1977, the District Court ruled that *Evans v. General Motors Corporation,* 359 F.2d 822 (7th Cir. 1966), was the controlling law in Indiana and, therefore, granted Volkswagenwerk's motion to dismiss for failure to state a claim for relief. Watson appealed this ruling in September, 1977.

While Watson's appeal was pending, the Court of Appeals for the Seventh Circuit rendered its decision in *Huff v. White Motor Corporation,* 565 F.2d 104 (7th Cir. 1977), which overruled the holding in *Evans, supra.* Watson's appeal was remanded to the district court for reconsideration in light of *Huff, supra.* Volkswagenwerk and Volkswagen filed declaratory judgment actions which were venued to Hancock Circuit Court and Henry Circuit Court, respectively.

The Henry Circuit Court granted Watson's motion to dismiss and entered judgment on June 26, 1978. The Hancock Circuit Court dismissed Volkswagenwerk's declaratory judgment complaint [1] and entered judgment on June 28, 1978. Volkswagenwerk and Volkswagen allege error in these

---

1. The Hancock Circuit Court's order for dismissal, dated May 20, 1978, took the following written form:

MEMORANDUM

The Plaintiff in this case seeks a declaratory judgment not for the purpose of determining whether the facts of this situation provide the Plaintiff herein with a "seatbelt defense" in an action now pending in Federal Court, but rather they seek an opinion of this Court on an abstract proposition of law to-wit: Is the "seatbelt defense" recognized as a viable defense in

dismissals. The present case is a consolidation of their causes of action for purposes of appeal. Ind. Rules of Procedure, Appellate Rule 5.

The relief sought by Volkswagen ·and Volkswagenwerk through the declaratory judgment actions involves questions of Indiana substantive law; Volkswagen sought a declaration that the holding in *Evans, supra,* is the law of Indiana. More specifically, Volkswagen sought a declaration of rights on the following issues:

(1) whether Indiana follows the "crashworthiness" doctrine, in which one furnishing a motor vehicle has a duty to provide a vehicle which will prevent or minimize injuries to the vehicle's occupants when involved in a collision;

(2) if a manufacturer has such a duty, is that duty governed by the law of negligence or strict liability;

(3) if the crashworthiness doctrine applies, does the failure to fasten an available seat belt give rise to the doctrine of avoidable consequences;

and,

(4) does the failure to fasten an available seat belt constitute incurred or assumed risk under Indiana law.

Appellants contend that since a federal district court can only predict undecided Indiana law, these questions should be decided by the state courts. Watson, on the other hand, argues that the declaratory judgment actions were properly dismissed, since: (1) it avoids piecemeal adjudication of issues; (2) it prevents "procedural fencing;" and, (3) the declaratory judgment procedure is not properly used in anticipation of defenses. We agree with the latter position, and, thus, affirm.

We note initially that in reviewing a T.R. 12(B)(6) motion to dismiss in an action for declaratory judgment, this court in *Morris et al. v. City of Evansville et al.,* (1979) Ind.App., 390 N.E.2d 184, stated that the facts alleged in the complaint must be taken as true. Even accepting such facts as true, our affirmance in the present case is predicated upon the purposes and objectives underlying declaratory judgment actions and the litigatory posture of the dispute involving the parties herein.

 The purpose of a declaratory judgment action and a declaratory judgment statute is to quiet and stabilize legal relations and thereby provide a remedy in a case or controversy when there is still an

the State of Indiana? Suppose this court declares that the State of Indiana does recognize the "seatbelt defense". Such a declaration would not end the controversy or uncertainty as to the rights of the parties herein, because the facts would still have to be inquired into to determine whether the "seatbelt defense" is available on the facts of this case. No Federal Court has abstained from proceeding with this case while awaiting a decision from any State Court. It is not the function of State Trial Courts to pronounce declarations of abstract propositions of law for the purpose of assisting the Federal Courts with jurisdiction of the parties to determine what law to apply in the case. There is a procedural rule, which provides that Federal Appellate Courts may certify questions to Indiana Appellate Courts to get a ruling on State law, but such rule does not apply to this situation. It is clear from the record herein that the Plaintiff in this case has submitted itself to the jurisdiction of the Federal Court, and that there is now a binding adjudication to the effect that the complaint filed in Federal

Court against Volkswagenwerk does state a claim for relief. This is an attempt to escape the consequences of such an adjudication by a court having jurisdiction over this Plaintiff and amounts to an attempt to appeal from the Federal Court to the State Court by means of a Petition for Declaratory Judgment, and such a procedure is not permitted. With respect to this case insofar as it constitutes a request for the opinion of this court as to the viability of the "seatbelt defense" in Indiana the Court feels that to decide this question which Plaintiff has attempted to submit to this Court is properly before the Federal Court, and that Federal Court has jurisdiction of these parties, and that the issues presented here are presented in the Federal Court and should not be decided here on a piecemeal basis.

For the above stated reasons the Court now orders and adjudges that the Defendants Motion to Dismiss the Complaint herein be and the same is hereby sustained, and said complaint is now dismissed.

opportunity for peaceable judicial settlement. 1 W. Anderson, Actions for Declaratory Judgments § 187 (2d ed. 1951). The Uniform Declaratory Judgment Act, found at Ind.Code 34–4–10–1, *et seq.*, is remedial in nature, affording relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered. IC 34–4–10–12; *Owen v. Fletcher Savings & Trust Bldg. Co.,* (1934) 99 Ind.App. 365, 189 N.E. 173. The declaratory judgment statute was not intended to eliminate well-known causes of action nor to substitute an appellate court for a tribunal of original jurisdiction, where the issues are ripe for litigation through the usual processes. *Brindley et al. v. Meara et al.,* (1935) 209 Ind. 144, 198 N.E. 301. Such statute was intended to furnish a full and adequate remedy where none existed before and it should not be resorted to where there is no necessity for such a judgment. *Rainwater v. Merriman,* (1957) 127 Ind.App. 520, 142 N.E.2d 467; *Bryarly v. State,* (1953) 232 Ind. 47, 111 N.E.2d 277. The use of a declaratory judgment is discretionary with the court and is usually unnecessary where a full and adequate remedy is already provided by another form of action. *Brindley, supra.* However, according to T.R. 57 on Declaratory Judgments, "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

■ In determining the propriety of declaratory relief, the test to be applied is whether the issuance of a declaratory judgment will effectively solve the problem, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient. *Smith v. Vowell,* 379 F.Supp. 139 (W.D.Tex.1974). Moreover, a declaratory action may be dismissed or stayed if a pending suit will satisfactorily resolve the controversy between the parties. *Sweetheart Plastics, Inc. v. Illinois Tool Works,* 439 F.2d 871 (1st Cir. 1971); *Milton G. Waldbaum Company v. Roberts Dairy Company,* 325 F.Supp. 772 (D.Neb.1971); *Weinstein v. Williams-McWilliams Industries, Inc.,* 313 F.Supp. 876 (D.Del.1970). Thus a court may refuse to entertain an action for a declaratory judgment where the relief sought would not terminate the controversy between the parties. *Rainwater v. Merriman, supra; Pitzer et al. v. City of East Chicago,* (1943) 222 Ind. 93, 51 N.E.2d 479; *Williams v. Ball,* 294 F.2d 94 (2nd Cir. 1961). The determinative factor is whether the declaratory action will result in a just and more expeditious and economical determination of the entire controversy. *Firemen's Insurance Company of Newark, N.J. v. Riley,* 322 F.Supp. 349 (W.D.Ky. 1971).

■ Since the jurisdiction of this case is based upon diversity of citizenship, a federal court must sit as a local court in determining relevant legal principles. *Erie R.R. Co. v. Tompkins,* (1938) 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The absence of state precedent on the issues does not relieve the federal court of its responsibility of deciding the question before it. *Meredith v. Winter Haven,* (1943) 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; *Construction Aggregates Corp. v. Rivera de Vicenty,* 573 F.2d 86 (1st Cir. 1978). Therefore, the ability of the federal district court to predict how the Indiana Supreme Court will eventually rule on the issues generally precludes a refusal to address the issue and its application to the present litigants. *Lovelace v. Astra Trading Corp.,* 439 F.Supp. 753 (S.D.Miss. 1977).

■ Unlike *Lovelace,* which did not have the benefit of a certification process, the Seventh Circuit could have certified the issues in the instant case to the Indiana Supreme Court pursuant to A.R. 15(*O*). The Seventh Circuit, however, denied Volkswagen's request for certification. Although the basis for this denial is unknown, we recognize the principle that a court is reluctant to allow certification from a party who chooses to invoke federal jurisdiction, *Cantwell v. University of Massachusetts,* 551 F.2d 879 (1st Cir. 1977), as in the present case in which Volkswagen removed this action from a state court to federal court. The object of the declaratory judgment statute is to afford a new form of

relief, not a new choice of tribunals. *Shell Oil Company v. Frusetta*, 290 F.2d 689 (9th Cir. 1961). As stated in *American Automobile Insurance v. Freundt*, 103 F.2d 613 (7th Cir. 1939): "*The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum.*" 103 F.2d at 617. (Our emphasis). Although that case (unlike the present), involved an attempt to obtain declaratory relief from a federal court, the import embodied by the above principle is the same, and therefore, apropos.

In *Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F.Supp. 280 (E.D.Pa. 1952), *aff'd*, 203 F.2d 957 (3rd Cir. 1953), a shipping firm brought a declaratory judgment action to determine its liability for damages which resulted from dropping an anchor on a pipeline. In that case the court made the following observation:

> Therefore, although there appears to be no case directly in point on the problem, it would seem that *the rule is that a declaratory judgment action should not be entertained when it is initiated by a prospective or actual defendant in a tort action.* However, since the problem is largely one of discretion of a court, it seems that conceivably there might be an exception to the rule, the exception being that the declaratory judgment proceeding should be permitted in this type of case when it would be in the interest of justice or for the convenience of the parties to permit it.

108 F.Supp. at 282. (Our emphasis).

In *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165 (7th Cir. 1969), plaintiffs appealed the dismissal of their declaratory judgment suit by the federal district court. One of the defendants had filed an action for personal injuries in federal court while another filed suit, subsequently, in state court. Plaintiffs sought a declaration as to the construction of a state statute and also a declaration of non-liability for indemnification. The Seventh Circuit Court of Appeals held that compelling a "potential personal injury plaintiff to litigate their claims at a time and in a forum chosen by an alleged tortfeasor would be a perversion of the Declaratory Judgment Act." 407 F.2d at 1167. Volkswagen attempts to distinguish *Cunningham* from the case at bar in that the former involved a federal declaratory action. Moreover, Volkswagen argues that they are not trying to argue the facts of the case in their declaratory actions. We however, are not swayed by appellants' contentions and find *Cunningham*, applicable to the case at bar. Volkswagen is seemingly attempting to " 'try issues or determine the validity of defenses in pending cases,' " as was condemned in *American Auto Ins. v. Freundt, supra,* and *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937).

▮ Although Volkswagen argues that the purpose of their declaratory actions is to obtain a definitive statement of state law, whether it be favorable or unfavorable, a favorable declaratory judgment would not terminate the present controversy. Rather, the question as to whether Volkswagen has a viable defense would still have to be determined on the facts of this case, and therefore, would spawn piecemeal adjudication. Such result was not the purpose of the declaratory judgment statute. Rather, the parties would have to resort to another independent action in addition to one for declaratory judgment before final relief could be obtained, a result condemned by this court in *Rainwater v. Merriman, supra.*

We also remind plaintiffs-appellants, Volkswagen, that a statement as to state law by a state court would have been reached if Volkswagen had not removed the case to federal court. It appears to this court that appellants were only interested in state law after the Seventh Circuit Court of Appeals overruled prior case law which had been advantageous to their position.

Even accepting the stated facts in Volkswagen's complaint as true, we hold that declaratory relief would be inappropriate in the present case and, therefore, affirm the dismissals by the trial courts.

Affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.