John J. MADDEN, Appellant
(Defendant Below),

v.

Edwin B. HOUCK, Appellee
(Plaintiff Below).

No. 3–1279A349.

Court of Appeals of Indiana,
Third District.

May 12, 1980.
Rehearing Denied July 23, 1980.

Carl N. Lundberg, LaGrange, for appellant.

Richard K. Muntz, LeRoy K. Schultess, LaGrange, for appellee.

STATON, Judge.

This is an interlocutory appeal which asks whether an action based upon the Uniform Declaratory Judgment Act is a proper cause of action to determine the qualifications of an elected official to hold office.

Edwin B. Houck was elected LaGrange County Surveyor to serve from January 1, 1975 to December 31, 1978. John J. Madden was elected to this office to serve from January 1, 1979 to December 31, 1982. Three days prior to the completion of his term, Houck filed a Complaint for Declaratory Judgment seeking a declaration that Madden was not duly qualified to serve as surveyor.[1] He also asked that he be declared surveyor until such time as a successor could be elected.[2] Madden filed a motion to dismiss which was denied by the trial court. The question was then certified by the court to be considered on appeal.

Madden raises basically two issues for our consideration:

(1) Did the trial court err in ruling that the former County Surveyor can challenge the duly elected surveyor's right to office by filing a Declaratory Judgment action where Quo Warranto is a long established and an adequate remedy for determining title to office?

(2) Was the trial court's ruling contrary to law where it found that the former County Surveyor, as any resident of LaGrange County, had sufficient interest to maintain this Declaratory Judgment action.

We reverse.

Because of our disposition of the case, we will address only the first issue. Pertinent sections of the Uniform Declaratory Judgment Act, IC 1971, 34–4–10–2 and IC 1971, 34–4–10–6 provide in part:

IC 1971, 34–4–10–2. "Who may have determination and obtain declaration.— Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question or construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

\* \* \* \* \* \*

IC 1971, 34–4–10–6. "When court may refuse judgment or decree.—The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

 The propriety of declaratory relief must be judged in light of whether the issue at hand is more properly resolved in

---

1. He also filed a Petition for Preliminary Injunction which was dismissed by the court.

2. Houck bases his prayer for relief upon his status as an incumbent, rather than a rival candidate. The record shows he was defeated at the primary level.

another forum. *Thompson v. Medical Licensing Bd.* (1979), Ind.App., 389 N.E.2d 43. The declaratory judgment statute was intended to furnish an adequate and complete remedy where none before had existed. It should not be used where there is no necessity for such a judgment. *Volkswagenwerk, A. G. v. Watson* (1979), Ind.App., 390 N.E.2d 1082; *Rainwater v. Merriman* (1957), 127 Ind.App. 520, 142 N.E.2d 467. It was not intended to eliminate well-known causes of action, where the issues are ripe for litigation through the usual processes. *Volkswagenwerk, supra*; *Brindley et al. v. Meara et al.* (1935), 209 Ind. 144, 198 N.E. 301. The Indiana Supreme Court in *Hinkle v. Howard* (1947), 225 Ind. 176, 73 N.E.2d 674, at 675, explained:

> "This court has held that the only new remedy afforded by the Declaratory Judgment Law is to provide an adequate remedy in cases where no cause of action has arisen authorizing an executory judgment, and where no relief is or could be claimed. Relief under this statute can not be had where another established remedy is available. It is not intended to abolish the well-known causes of action, nor does it afford an additional remedy where an adequate one existed before. It should not be resorted to where there is no necessity for a declaratory judgment. . . ."

The decision as to whether the presence of another form of relief should justify a refusal to grant declaratory relief is discretionary with the court. It, nevertheless, is dependent upon the facts and the circumstances rendering the use of the declaratory judgment necessary. *Rainwater, supra.* The use of a declaratory judgment is usually unnecessary where a full and adequate remedy is already provided in the form of another action. *Volkswagenwerk, supra; Brindley, supra.* The test to be applied in making this determination was outlined by the Court in *Volkswagenwerk, supra*, at 1085:

> "In determining the propriety of declaratory relief, the test to be applied is whether the issuance of a declaratory judgment will effectively solve the problem, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient . . .
> Thus a court may refuse to entertain an action for a declaratory judgment where the relief sought would not terminate the controversy between the parties . . .
> The determinative factor is whether the declaratory action will result in a just and more expeditious and economical determination of the entire controversy. . . ."

In the case at hand, Madden was elected to the office of LaGrange County Surveyor in the 1978 general election. He received a valid Election Certificate, filed his bond, took the oath of office and posted a list of his campaign expenditures.

In his Complaint for a Declaratory Judgment, Houck, the incumbent surveyor, alleges that Madden is not qualified to hold office. He charges that Madden is not constitutionally qualified to serve as surveyor because he has not resided in LaGrange County for one year immediately preceding January 1, 1979, as required by the Indiana Constitution. See Article 6, Section 4 of the Indiana Constitution.

We are persuaded that the issuance of a declaratory judgment, in this situation, would not completely resolve the dispute. We acknowledge that if the court concluded Madden was a resident of LaGrange County, the dispute would be at an end. If, however, it decided that Madden was not a resident of LaGrange County, the controversy would be far from resolved. Such a declaration would not determine the proper person to hold office nor would it provide for the enforcement of the judgment. Houck would have to resort to another independent action before obtaining final relief. *See Rainwater, supra*; IC 1971, 34–4–10–6.

Such issues have been resolved by the use of an information in the nature of a quo warranto. Historically it is the proper remedy to determine the right to an office. *Hovanec v. Diaz* (1979), Ind., 397 N.E.2d 1249; *McGuirk v. State ex rel.* (1921), 201

Ind. 650, 169 N.E. 521; IC 1971, 34–1–59–1 *et seq.* IC 1971, 34–1–59–1 *et seq.* sets forth the procedures to be utilized "when any person shall usurp, intrude into, or unlawfully hold or exercise any public office." [3] The proper remedy to determine the question of whether a person elected to office possesses the requisite qualifications for eligibility is by an information in the nature of quo warranto. *Bloome v. Juergensmeyer* (1951), 344 Ill.App. 625, 101 N.E.2d 851; *Wagler v. Stoecker* (1946), 393 Ill. 560, 66 N.E.2d 408, and cases cited therein.

Because the issuance of a declaratory judgment would not completely resolve the controversy, we conclude that the trial court erred in denying Madden's motion to dismiss. The judgment is, therefore, reversed, with instructions to the trial court to grant the motion to dismiss.

GARRARD, P. J., and HOFFMAN, J., concur.

**3.** The quo warranto case law is replete with analyses of such pivotal issues as standing, hold-over officers and the definition of qualification for office.