**Ronald HELTON, Petitioner,**

v.

**G. Michael BROGLIN, Superintendent, and Indiana Attorney General, Respondents.**

**No. S 83–265.**

United States District Court, N.D. Indiana, South Bend Division.

March 20, 1984.

Ronald Helton, pro se.

Linley E. Pearson, Atty. Gen. of Indiana, David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

### MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate at the Westville Correctional Center in Westville, Indiana. In accord with the dictates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the respondents were not ordered to provide this court with the complete state court record, as petitioner is not complaining of any irregularities in his underlying state court conviction. This matter is presently before the court on respondents' renewed motion to dismiss. Petitioner having been afforded an opportunity to respond, this motion is now ripe for ruling.

Originally filed on June 13, 1983, this court construed the petition as one complaining about the conditions of confinement at Westville and dismissed the petition without prejudice, with leave to refile as a civil rights claim under 42 U.S.C. § 1983. On June 24, 1983, petitioner filed a motion to open judgment under F.R. Civ.P. 59, pointing out that he was complaining solely about a loss of good time credits as a result of a Westville Conduct Adjustment Board (CAB) hearing, and that 28 U.S.C. § 2254 was the appropriate procedural vehicle to attack his loss of good time credits. On June 30, 1983, this court vacated its previous order of dismissal and reinstated the original petition as one for habeas relief under 28 U.S.C. § 2254.

On September 6, 1983, respondents filed a motion to dismiss as part of their Response to Order to Show Cause. In said motion, respondents argued that petitioner had failed to exhaust his available state court remedies, a procedural prerequisite under 28 U.S.C. § 2254(b) and *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), and therefore the petition ought to be dismissed.

On October 25, 1983, petitioner filed his traverse, arguing that a recent Seventh Circuit Court of Appeals' unpublished decision [1] had squarely held that a petitioner need not exhaust available state court remedies where he was challenging a loss of good time credits following a CAB hearing.

One day prior to petitioner's filing of his traverse, on October 24, 1983, this court entered a consolidated order in four similar habeas petitions (loss of good time credits resulting from CAB hearings), duly noting the recent Seventh Circuit unpublished order, and ordered that all motions to dismiss be converted to motions for summary judgment.

On December 7, 1983, this court received a letter from the petitioner, purporting to request an enlargement of time in which to file supplemental pleadings. Said request was granted on December 8, 1983, giving petitioner until January 16, 1984, in which to file any and all supplemental pleadings. To date, petitioner has filed no supplemental pleadings.

On February 14, 1984, respondents filed a Renewed Motion to Dismiss. In their renewed motion, respondents pointed out that the original Seventh Circuit opinion in *Kamp* had been rescinded, and a new unpublished order in that case [2] now required that petitioners exhaust their available state court remedies where loss of good time credits by CAB proceedings was alleged. To date, petitioner has not responded.

Petitioner is a state inmate, presently incarcerated on a conviction for robbery. Petitioner was sentenced to a determinate term of ten years' imprisonment on a guilty plea to the above robbery charge, as well as two years' imprisonment for confinement and one year for battery (assaulting a law enforcement officer), all to run concurrently. Petitioner was received by the Indiana Department of Correction in April 1979, and was originally assigned to the Indiana State Farm in Greencastle, Indiana.

In May of 1982, petitioner was transferred to the Henryville Youth Camp, from which he escaped on October 16, 1982. Upon his recapture, petitioner was transferred to the Clark County Youth Camp.

A disciplinary proceeding on the escape charge was held before the Clark County Youth Camp's CAB on November 18, 1982. The CAB recommended an institutional transfer, petitioner's demotion of two grades in his time earning classification (TEC), and the loss of 365 days of earned good time credits. These recommendations were approved by the Indiana Department of Correction, and petitioner was transferred to Westville in December of 1982. On May 18, 1983, petitioner was promoted one grade in TEC.

The gravamen of petitioner's complaint is that the CAB procedures used in reducing him in TEC and depriving him of good time credits violated his due process rights, state law, and prison regulations. However, and for the reasons set forth below, petitioner's failure to exhaust his available state court remedies precludes this court from reaching the merits of his claim.

■ It is clear that habeas corpus is the correct procedural vehicle by which to challenge a loss of good time credits and a demotion in TEC. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Jackson v. Carlson*, 707 F.2d 943

---

1. *Kamp v. Broglin, et al.,* 723 F.2d 66 (7th Cir. 1983). Per Circuit Rule 35 of the Seventh Circuit, this unpublished order is not being cited herein as controlling authority.

2. *Douglas Kamp v. George M. Broglin, et al.,* No. 82–1455 (7th Cir., *as modified,* Feb. 6, 1984). Per Circuit Rule 35 of the Seventh Circuit, this unpublished order is not being cited herein as controlling authority.

**48**

(7th Cir.1983). It is equally clear that, prior to seeking federal habeas relief, a state petitioner must first exhaust his available state court remedies. 28 U.S.C. § 2254(b), (c); *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). The key word is "available," i.e., a prisoner need not engage in procedural "hoop-jumping" where such would clearly be futile. *Perry v. Fairman,* 702 F.2d 119 (7th Cir. 1983).

Indiana law provides petitioner with a genuinely "available" state court remedy. Ind.P.C.R. § 1. This court has expressly so held. *Marchand v. Tyson,* 560 F.Supp. 882 (N.D.Ind.1983).

Furthermore, Indiana law expressly provides for the "declaration of rights, status or other legal relations ...", Ind.Code § 34–4–10–2, and accords state courts the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed ... such declaration shall have the force and effect of a final judgment or decree." Ind.Code § 34–4–10–1.

The Indiana Uniform Declaratory Judgment Act was designed to "furnish a full and adequate remedy where none existed before and it should not be resorted to where there is no necessity for such a judgment." *Volkswagenwerk, A.G. v. Watson,* 181 Ind.App. 155, 390 N.E.2d 1082, 1085 (1979). *See also Madden v. Houck,* Ind.App., 403 N.E.2d 1133, 1135 (1980). The declaratory judgment procedure provides a remedy "in cases where no cause of action has arisen authorizing an executory judgment, and where no relief is or could be claimed. Relief under this statute can not be had where another established remedy is available." *Hinkle v. Howard,* 225 Ind. 176, 179, 73 N.E.2d 674, 675 (1947).

The Indiana Declaratory Judgment Act is available to the petitioner to raise the question of statutory interpretation presented here. This Act provides an avenue in state court to address such questions of statutory interpretation. Because a declaratory judgment action in state

court is an otherwise "available procedure" under 28 U.S.C. § 2254(c), it follows that petitioner has failed to exhaust his available state court remedies.

Accordingly, this petition is DISMISSED without prejudice for failure to exhaust. SO ORDERED.