Dale Gaylord HARPER, Plaintiff,

v.

Robert GIBSON; Bruce Lemmon; Mrs. Nancy Broglin; Sam Puckett; Dean Duval; and Dr. Norman Hunt, Defendants.

Dale Gaylord HARPER, Petitioner,

v.

Jack R. DUCKWORTH, Respondent.

Nos. S 85–514 and S 86–86.

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 4, 1987.

Dale Gaylord Harper, pro se.

William Patrick Glynn III, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Dale Gaylord Harper, plaintiff and petitioner in the above consolidated cases (hereafter petitioner), filed a complaint pursuant to 42 U.S.C. § 1983 and a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. Defendants and respondent (hereafter respondents) have complied with the dictates of *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). This court issued an order in both consolidated cases on January 21, 1987, stating that all materials in support or opposition to the respondents' summary judgment motions to be filed by February 17, 1987. Neither the petitioner nor the respondents filed any motions. This cause is now ripe for ruling.

The events which gave rise to petitioner's causes involve a disciplinary hearing at which petitioner was found guilty of escape. While confined at the South Bend Work Release Center (SBWRC), petitioner allegedly escaped on March 29, 1984. Petitioner was apprehended in Indianapolis on or about July 21, 1984, and was returned to South Bend. The Conduct Adjustment Board (CAB) notified petitioner of the escape charges against him on August 22, 1984. When the CAB met on August 28, 1984, it received petitioner's request that the hearing be postponed. The CAB postponed the hearing until Robert Gibson, Director of the SBWRC, had an opportunity to decide the request. On August 30, 1984, Gibson denied petitioner's request when the CAB reconvened. Petitioner's hearing then proceeded, though petitioner left the hearing room before the conclusion of his hearing. The CAB found petitioner guilty of escape and recommended that he be transferred to a more secure facility, demoted him from credit class I to credit class III, and deprived him of 365 days of earned good-time.

I.

In his habeas petition, S 86–86, petitioner raises two issues. Petitioner asserts in Ground One that the requirement that he exhaust state remedies prior to filing a petition for a writ of habeas corpus in this court was inapplicable since he did not have that right under Indiana law. In Ground Two, petitioner asserts that the failure of respondent prior to the holding of a disciplinary hearing to afford petitioner due process as required by I.C. § 35–50–6–4(c) and I.C. § 35–50–6–5.5, deprived petitioner of due process of law contrary to the Four-teenth Amendment of the Constitution of the United States. In support of Ground Two, petitioner claims that the respondents failed to allow petitioner a reasonable continuance to prepare for the hearing, refused to allow petitioner to call witnesses, refused to allow petitioner to cross-examine witnesses, refused to allow petitioner to appeal the decision of the disciplinary committee, and refused to allow petitioner to have the assistance of counsel or a lay advocate to assist in the presentation of his case. As a remedy, petitioner asks that his earned good-time be restored.

■■■ Before a prisoner brings a habeas action in federal court, it is axiomatic that he exhaust his available state remedies. Exhaustion of state remedies is considered to be a procedural prerequisite to the consideration of a habeas claim by a federal court. 28 U.S.C. § 2254(b) and (c); *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). *See also Crump v. Lane,* 807 F.2d 1394 (7th Cir.1986). If a state remedy is unavailable or resort to a state remedy would be futile, it is the prisoner's burden to demonstrate that such a remedy is unavailable or that resort to such a remedy would be futile. *Wallace v. Duckworth,* 778 F.2d 1215 (7th Cir.1985); *Moore v. Duckworth,* 581 F.2d 639 (7th Cir.1978), *aff'd,* 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979); and *Baldwin v. Lewis,* 442 F.2d 29 (7th Cir.1971). Petitioner has not shown that a state remedy is unavailable or that resort to such a remedy would be futile. In fact, a state remedy does exist under Rule PC 1, § 1(a)(5) of the Indiana Rules of Procedure for Post-Conviction Remedies:

**Section 1. Remedy-To Whom Available-Conditions.**

(a) any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

　　*　　　*　　　*　　　*　　　*　　　*

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise un-

lawfully held in custody or other restraint;

\*  \*  \*  \*  \*  \*

may institute at any time a proceeding under this Rule to secure relief.

Indiana Rules of Court, 1987. *See Duckworth v. Serrano, supra; Wallace v. Duckworth, supra;* and *Evans v. Lane,* 419 F.2d 1337 (7th Cir.1970). Petitioner has not shown that resort to Rule PC 1 is unavailable or would be futile. *See also Hendrix v. Duckworth,* 442 N.E.2d 1058 (Ind.1982); and *Cottingham v. State,* 424 N.E.2d 105 (Ind.1981). Even if petitioner can show that resort to Rule PC 1 is unavailable or would be futile, the Indiana Uniform Declaratory Judgments Act provides an alternative remedy. See Indiana Code § 34–4–10–1 et seq. (1983). In *Helton v. Broglin,* 581 F.Supp. 46 (N.D.Ind. 1984), this court held that Indiana Rule PC 1 was an available state court remedy when a prisoner is challenging the loss of good-time credits and demotion in time earning classification, but that a declaratory judgment action in state court is an otherwise "available procedure." This court stated:

> Furthermore, Indiana law expressly provides for the "declaration of rights, status or other legal relations . . .", Ind. Code § 34–4–10–2, and accords state courts the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed . . . such declaration shall have the force and effect of a final judgment or decree." Ind.Code § 34–4–10–1.
> The Indiana Uniform Declaratory Judgment Act was designed to "furnish a full and adequate remedy where none existed before and it should not be resorted to where there is no necessity for such a judgment." *Volkswagenwerk, A.G. v. Watson,* 181 Ind.App. 155, 390 N.E.2d 1082, 1085 (1979). *See also Madden v. Houck,* Ind.App., 403 N.E.2d 1133, 1135 (1980). The declaratory judgment procedure provides a remedy "in cases where no cause of action has arisen authorizing an executory judgment, and where no relief is or could be claimed. Relief under this statute can not be had where another established remedy is available." *Hinkle v. Howard,* 225 Ind. 176, 179, 73 N.E.2d 674, 675 (1947).

*Helton,* 581 F.Supp. at 48. Thus, unexhausted state court remedies are readily available for this petitioner, beginning with resort to PC 1. Although not decided in this circuit, *Brown v. Fauver,* 819 F.2d 395 (3d Cir.1987), supports the reasoning and result here. Accordingly, petitioner's habeas portion of this consolidated cause in which he seeks restoration of his good-time credits must be dismissed without prejudice for failure to exhaust state remedies.

## II.

Now this court must consider the more difficult question of whether petitioner should be granted damages for loss of earned good-time in violation of the due process clause of the Fourteenth Amendment. In Cause No. § 85–514, petitioner prays that the court grant him $50,000 as damages for the loss of earned good-time in violation of the due process clause of the Fourteenth Amendment, and for $50,000 as punitive damages for the mental anguish and suffering caused by being confined one year in prison as the result of lost earned good-time. Petitioner's amended complaint states:

> Indiana Codes 35–50–6–4 and 35–50–6–5.5 creates a liberty interest which entitled plaintiff to procedural due process in a disciplinary hearing, and the failure of defendants, each and all, to afford plaintiff those rights enunciated in IC 35–50–6–4 and 35–50–6–5.5 deprived plaintiff of due process of law, contrary to the fourteenth amendment to the United States Constitution.

In support of this allegation, petitioner asserts the same reasons he listed in support of Ground Two in his habeas petition. See p. 3 of this memorandum and order. In essence, the grounds raised in Cause No. S 85–514 are the same as those raised in Cause No. S 86–86. Only the remedies prayed for are different.

At first glance, it would appear that since Cause No. S 85–514 is a § 1983 case,

it would not be necessary to exhaust state remedies prior to filing that case in federal court. In *Preiser v. Rodriguez,* 411 U.S. 475, 499 n. 14, 93 S.Ct. 1827, 1841 n. 14, 36 L.Ed.2d 439 (1973), the Supreme Court expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings when a habeas claim and a § 1983 claim are filed together. Unlike federal habeas claims, § 1983 actions are not subject to the requirement that the plaintiff must first exhaust all available state court remedies. That holding was buttressed in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). There the Supreme Court held that where a complaint sought restoration of good-time credits and also sought damages, the claims brought properly under § 1983 could go forward while actual restoration of good-time credits was sought in a habeas proceeding through the state courts. The Court concluded that it was proper for the Court of Appeals and the District Court to determine the validity of the procedures for revoking good-time credits and to fashion appropriate remedies for any constitutional violations ascertained, short of ordering the actual restoration of good time already cancelled. *Wolff,* 418 U.S. at 555, 94 S.Ct. at 2974.

However, there have been two cases decided by the Court of Appeals for the Seventh Circuit which have distinguished *Wolff* and *Preiser.* In *Hanson v. Heckel,* 791 F.2d 93 (7th Cir.1986), Hanson, a state prisoner, filed two § 1983 cases asking that the district court enter a declaratory judgment and award damages for the alleged deprivation of meritorious good time credits. Hanson did not request the restoration of any good-time credits. At the same time, Hanson had pending in the Illinois state courts a habeas corpus petition raising the identical claims that were contained in his § 1983 case. The Court, in construing Hanson's § 1983 action as a petition for a writ of habeas corpus, declined to determine the applicability of *Preiser* solely by reference to the relief sought rather than by reference to the nature of the claim. *Hanson,* 791 F.2d at 96. The court held

that in order to establish a civil rights claim, Hanson was required to show that the deprivation of which he complains caused him injury, and the injury of which Hanson complained was the loss of deprivation of meritorious good time. Thus, the court stated, to entertain Hanson's challenge would be tantamount to a decision on his entitlement to a speedier release. Under both *Preiser* and *Wolff,* the court stated that matter is foreclosed from consideration until all state remedies have been exhausted. *Hanson,* 791 F.2d at 96. The court further discussed decisions of other circuit courts in regard to this issue:

> We add that our holding today is compatible with those of circuits that have addressed the issue. *See Hadley v. Werner,* 753 F.2d 514, 516 (6th Cir.1985) (per curiam) (although inmate's civil rights complaint sought damages rather than release, a necessary portion of his claim challenged the validity of his conviction and consequent confinement; dismissal of action proper and inmate directed to pursue relief in habeas corpus proceeding); *Ybarra v. Reno Thundrebird Mobile Home Village,* 723 F.2d 675, 682 (9th Cir.1984) (summary judgment proper as to prisoner's action for declaratory relief where basis of claim is a challenge to the constitutionality of conviction; "initial and exclusive" remedy lies in habeas corpus); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983) (if a prisoner challenges a " 'single allegedly defective [disciplinary] hearing,' " he attacks, in essence the fact and duration of his custody; whatever relief is sought for an isolated incident, the prisoner must resort to habeas corpus and exhaust state remedies); *Todd v. Baskerville,* 712 F.2d 70, 73 (4th Cir.1983) (prisoner's Section 1983 action, seeking damages and restoration of good time, would be dismissed for failure to exhaust since "core" of the claim was the duration of sentence and any claim of damages was ancillary to and dependent on its favorable resolution); *Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981) (the propriety of a prisoner's Section 1983 action is not determined solely on the basis of relief

sought; rather, if upon examination the basis of the claim directly draws into question the validity of the fact or length of confinement, the exclusive remedy is habeas corpus); *see also Parkhurst v. State of Wyoming*, 641 F.2d 775, 777 (10th Cir.1981) (per curiam) (where resolution of prisoner's claim for money damages would involve a determination of validity of state court conviction presently before state supreme court, Section 1983 action should be stayed during its pendency). (footnotes omitted).

*Hanson*, 791 F.2d 96–97.

■ The Seventh Circuit's decision in *Hanson* was buttressed in *Crump v. Lane*, 807 F.2d 1394 (7th Cir.1986). There the plaintiff Crump, a state prisoner, brought a habeas corpus petition and a federal civil rights action seeking money damages and declaratory relief. The action challenged a series of decisions by the Illinois Prisoner Review Board denying Crump's release on parole on eight separate occasions between 1977 and 1984. The court held that Crump must first exhaust his state court remedies pursuant to 28 U.S.C. § 2254(b) before he could properly maintain a § 1983 damages arising out of his allegedly illegal confinement. In support of this conclusion, the court made the following findings:

Crump's § 1983 action does not challenge the constitutionality of the procedures or the statutory provisions and regulations used by the Illinois Prisoner Review Board in making their decisions. Rather, Crump merely alleges that the Board's repeated decisions to deny him parole violated his constitutional rights to due process and equal protection because they were arbitrary and capricious and based on grounds which were unsupported by the evidence and impermissible under the terms of the Illinois parole statute.

Were we to entertain Crump's § 1983 action and find that the Board's decisions indeed violated his constitutional rights, it would be tantamount to deciding that Crump is being illegally confined in violation of the United States Constitution. In his dissent in *Preiser* even Justice Brennan acknowledged that where a

prisoner's selection of an alternative remedy to habeas corpus undermines and effectively nullifies the habeas exhaustion requirement, the suit should be viewed as "an impermissible attempt to circumvent that requirement." 411 U.S. at 524 n. 24, 93 S.Ct. at 1854 n. 24. The core of Crump's claim concerns the fact or duration of his confinement, and any award of damages would be entirely dependent upon the favorable resolution of that issue.

*Crump*, 807 F.2d at 1401. Thus, where a prisoner challenges a review board's determination, and does not challenge the constitutionality of the procedures on the statutory regulation used by the prison review board in revoking good-time credits or determining parole, that challenge cannot be brought under § 1983.

■ Petitioner Harper is attempting to do what the plaintiffs did in *Hanson* and *Crump*. Petitioner has asserted the same claims in support of his habeas petition and his § 1983 suit. Those claims do not challenge the constitutionality of the procedures or the statutory regulations employed by the CAB. The petition is merely challenging the conclusions of the CAB in depriving him of 365 days of good-time credit. If the core of the prisoner's claim is the length or duration of his sentence and "any claim of damages is purely ancillary to and dependent on a favorable resolution of the length or duration of sentence", the proceedings must first be in the form of a habeas petition and are subject to exhaustion. *Crump*, 807 F.2d at 1401, *citing Todd v. Baskerville*, 712 F.2d 70, 73 (4th Cir.1983). If this court were to entertain petitioner's § 1983 action and find that the CAB's decision violated his rights, it would be tantamount to deciding that petitioner is being illegally confined in violation of the Constitution of the United States. See *Crump*, 807 F.2d at 1401.

The difference between this case and the cases involving *Hanson* and *Crump* is that here the petitioner has filed his habeas petition and his § 1983 suit against different parties. In *Hanson* and *Crump*, the plaintiffs filed their respective habeas peti-

tion and § 1983 suits against the same defendants. In his habeas petition, S 86–86, petitioner names Jack R. Duckworth as the respondent. In his § 1983 suit, S 85–514, petitioner names members of the CAB, among others, as the defendants. Duckworth is not named as a defendant in the § 1983 suit. However, the difference in the named respondent and named defendants does not matter here. First, the habeas cause and the § 1983 cause have been consolidated. Second, the claims asserted in each cause are substantially the same; i.e., that petitioner was denied due process of law at his disciplinary hearing. The petitioner does not challenge the procedures employed by the CAB as unconstitutional. Rather, petitioner merely asserts that the respondents failed "to afford plaintiff (petitioner) those rights enunciated in I.C. 35–50–6–4 and 35–50–6–5.5" thus depriving petitioner of due process of law in violation of the Constitution. Petitioner must resort to a habeas corpus petition and exhaust state remedies here since he is challenging a single allegedly defective disciplinary hearing which in essence is an attack on the fact and duration of his custody. *See Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir.1983).

Thus, petitioner's § 1983 action must be construed as a petition for a writ of habeas corpus. Petitioner's action in Cause No. S 85–514 shall be dismissed without prejudice for failure to exhaust state court remedies.

### III.

Accordingly, petitioners's actions in both S 86–86 and S 85–514 are DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. SO ORDERED.