INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY,
Appellant–Plaintiff,

v.

AMERICAN LOG HOMES, INC., Frank
Urchasko and Rita Urchasko, Appel-
lees–Defendants.

No. 61A01–0203–CV–00111.

Court of Appeals of Indiana.

Sept. 9, 2002.

**604**

Eric D. Johnson, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Appellant.

James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, IN, Attorney for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

Indiana Lumbermens Mutual Insurance Co. (Lumbermens) appeals the trial court's order consolidating actions pending in two different Indiana counties. In particular, Lumbermens contends that the trial court erred in consolidating the actions pursuant to Indiana Trial Rules 21(B) and 75. Because we find that the trial court did not abuse its discretion in consolidating the actions, we affirm.

### Facts and Procedural History

This appeal arises from an effort to consolidate actions pending in two different Indiana counties. The first action, filed in Boone County, sought to recover damages for breach of contract. The second action, filed in Parke County, was a declaratory judgment action seeking to determine whether there was insurance coverage for the Boone County claim and whether the insurance company had a duty to defend its insured.

Frank and Rita Urchasko bought land in Parke County, Indiana on which to build their retirement home. They purchased a log home kit from American Log Homes,

Inc. (ALH). Lumbermens insured ALH. ALH delivered the materials in November 1989, and C & S Construction (C & S) completed construction of the log home in April 1990.

In the spring of 1995, the Urchaskos noticed that their roof shingles were buckling and that cracks were forming in the corners of their home. The Urchaskos contacted their insurance company, C & S, and ALH to report their observations and concerns. After water began to enter their home, the Urchaskos hired an architect to redesign, repair, and reinforce their roof structure.

In 1996, the Urchaskos commenced an action against ALH, C & S, and other individuals who were affiliated with C & S in the Boone County Circuit Court.[1] The Urchaskos chose to file the case in Boone County based on the domicile of one of the individual defendants and of C & S. In their complaint, the Urchaskos alleged that the materials and design supplied by ALH were defective. Further, the Urchaskos claimed that ALH acted fraudulently, maliciously, and willfully. Following a bench trial, the court entered judgment against ALH in the amount of $12,050.00 on November 18, 1998. The Urchaskos appealed the judgment, and we reversed and remanded for a new trial. *Urchasko v. Am. Log Homes, Inc.,* No. 06A01–9903–CV–66, 736 N.E.2d 355 (Ind.Ct.App. Sept.28, 2000) (unpublished memorandum decision) (opining that the liability of the defendants was contractual in nature, not tortious). Following another bench trial on remand, the court again entered judgment against ALH in the amount of $49,533.00 on May 17, 2002.

---

1. Because the instant appeal does not directly involve C & S and the individual defendants in the Boone County action, we limit our examination of the evidence and discussion to ALH and Lumbermens.

However, on July 30, 2001, while the Boone County action was still pending, Lumbermens filed a declaratory judgment action in the Parke County Circuit Court against ALH and the Urchaskos. In this action Lumbermens sought a determination that the insurance policy it issued to ALH provides no coverage for the Boone County claim and that it has no duty to defend ALH. In support, Lumbermens relied on an exclusion in the insurance policy for defective products and work. In response, the Urchaskos filed a motion on November 14, 2001, seeking either (1) dismissal of the Parke County action; or (2) consolidation of the Parke County action with the Boone County action. Lumbermens opposed the motion contending that both dismissal and consolidation were improper.

On November 30, 2001, the Parke County court granted the Urchaskos' motion and ordered the matter before it dismissed and consolidated with the Boone County action. This appeal ensued.

### Discussion and Decision

Lumbermens contends that the trial court erred in consolidating the Parke County action with the Boone County action. More specifically, Lumbermens argues that Indiana Trial Rules 22(B) and 75, which the trial court relied upon, do not authorize the consolidation.

■ Initially we note that although the trial court cited Trial Rule 22(B) in its order, it meant Trial Rule 21(B). This error becomes apparent when examining the motions filed before the trial court and the text of the two trial rules. In their motion, the Urchaskos argued that the Parke County action should be "consolidated" with the Boone County action pursuant to "Trial Rule 22(B)." Appellant's App. p. 135. However, Trial Rule 22(B) addresses statutory impleader, which is not an issue in this case. Trial Rule 21(B),

on the other hand, addresses consolidation. After the trial court granted their motion, the Urchaskos apparently realized their error and filed an amended motion, this time citing "Trial Rule 21(B)." Appellee's App. p. 16. Although the trial court took no action with respect to the Urchaskos' amended motion, we find that the trial court's citation to Trial Rule 22(B) in its order instead of Trial Rule 21(B) constitutes a scrivener's error. *See Ajabu v. State*, 693 N.E.2d 921, 936 n. 17 (Ind.1998) (finding scrivener's error where the trial court wrongly labeled subsection of statute it used to enhance the defendant's sentence). Therefore, we will analyze this issue under Trial Rule 21(B).

■ Trial Rule 21(B) contains two provisions. The first provision governs transferring proceedings when venue of a court is based on a claim that is a sham or made in bad faith. The second provision, which is at issue here, governs consolidating proceedings involving the same claim. That provision provides:

> [I]f another action is pending in this state by or against a person upon the *same claim* at the time he becomes a party, the court may dismiss the action as to him, or in its sound discretion, it may order all or part of the proceedings to be consolidated with the first pending action.

Ind. Trial Rule 21(B) (emphasis added). The reasoning behind Trial Rule 21(B) has been explained in the Civil Code Study Commission Comments as follows:

> This is a new provision to avoid the expense and time of separating different claims and different or same claims with respect to different parties simply because venue requirements may differ or because the court lacks jurisdiction over the subject-matter of the litigation. Restrictions arising because of the venue

laws or laws limiting the powers of courts to particular controversies constitute a real impediment to expeditious litigation and must give way to the overpowering consideration of sound procedure.

2 William F. Harvey, *Indiana Practice: Rules of Procedure Annotated* § 21 at 368 (3d ed.2000). The purpose of this rule is to consolidate two pending actions when they both involve the same claim in order to conserve judicial resources and promote expeditious litigation. Although there is case law interpreting the first provision of Trial Rule 21(B), appellate courts have yet to address this provision, particularly what is meant by the term *same claim*. We therefore turn to other sources.

Black's Law Dictionary defines "claim" in part as a "cause of action." *Black's Law Dictionary* 169 (6th ed.1991). In turn, "cause of action" is defined as the "fact or facts which give a person a right to judicial redress or relief against another." *Black's Law Dictionary* 152 (6th ed.1991). Therefore, we find that in determining whether two pending actions involve the same claim, we must look to the underlying facts and decide whether the same issue is central to both actions.

At the time Lumbermens filed its declaratory judgment action against ALH and the Urchaskos in the Parke County Circuit Court, the Urchaskos had an action pending against ALH in the Boone County Circuit Court.[2] At issue in the Boone County action was whether ALH provided defective materials and design; at issue in the Parke County action was whether Lumbermens had to provide coverage for and defend ALH in light of an exclusion in the insurance policy for defective products and work. Central to both actions is whether ALH provided defective materials and design. Therefore, these actions involve the same claim. And by consolidating both actions in the same court, the dual goals of Trial Rule 21(B)—conserving judicial resources and promoting expeditious litigation—are accomplished. Specifically, the court would be familiar with the facts of the case; could manage discovery and other pre-trial matters; and could coordinate the timing of the trials.

Consolidating these actions, however, does not mean that they will be tried at the same time. An insurance company is entitled to maintain a declaratory judgment action to determine the coverage of its policies. *Hawkins v. Auto–Owners (Mut.) Ins. Co.*, 579 N.E.2d 118, 123 (Ind. Ct.App.1991), *rev'd on other grounds*, 608 N.E.2d 1358 (Ind.1993); *Fowler v. Farm Bureau Mut. Ins. Co.*, 137 Ind.App. 375, 209 N.E.2d 262, 265 (1965). This is because the policy of the law is to keep the issue of insurance out of the principal case against the insured. *Cromer v. Sefton*, 471 N.E.2d 700, 704 (Ind.Ct.App.1984). Permitting an insurance company to litigate coverage in the principal case against its insured would distract the trier of fact and literally force the plaintiff in the principal case to become embroiled in a matter in which he does not yet have an interest. *Id.* Therefore, where, as here, a declaratory judgment action is consolidated with the principal case, the court must try each action separately. *See Meridian Ins. Co. v. Zepeda*, 734 N.E.2d 1126, 1129 (Ind.Ct. App.2000) (consolidating principal case and declaratory judgment action then trying declaratory judgment action first), *trans. denied; Wiseman v. Leming*, 574 N.E.2d 327, 328 (Ind.Ct.App.1991) (consolidating

---

**2.** We observe that in both the Boone County and Parke County actions, each county had preferred venue pursuant to Trial Rule 75(A).

principal case and declaratory judgment action but separating issues of liability and insurance coverage), *reh'g denied, trans. denied.*

Consolidating two pending actions involving the same claim is within the trial court's sound discretion. *See* T.R. 21(B). Although the Boone County action is no longer pending, it was at the time the trial court ordered the actions consolidated. As such, we conclude that the trial court did not abuse its discretion in consolidating the actions.[3]

Judgment affirmed.

BAKER, J., and BARNES, J., concur.

---

3. Because we find that the trial court did not abuse its discretion in consolidating the actions pursuant to Trial Rule 21(B), we do not address Lumbermens' contention that consolidation was improper under Trial Rule 75.