# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**DANNY L. WORKER**
**SIOBHÁN M. MURPHY**
Lewis Brisbois Bisgaard & Smith LLP
Chicago, Illinois

**JAN N. CAMPBELL**
**JOHN M. MEAD**
Leeuw Oberlies & Campbell, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
ESTATE OF THOMAS LYNN MORRIS:

**J. KEVIN KING**
**PETER CAMPBELL KING**
Cline, King & King, P.C.
Columbus, Indiana

ATTORNEYS FOR APPELLEE
DAEMEN SAMPSON:

**PAUL M. BLANTON**
Blanton & Branstetter, LLC
Paoli, Indiana

FILED
Apr 04 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 07A01-1106-PL-313 |
| | ) | |
| ESTATE OF THOMAS LYNN MORRIS, | ) | |
| by and through his personal representative, | ) | |
| TOMMY LYNN MORRIS, DAEMEN | ) | |
| SAMPSON, and DORA ROBINSON, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Judith A. Stewart, Judge
Cause No. 07C01-1007-PL-430

**April 4, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Mid-Century Insurance Company ("Mid-Century") appeals the trial court's grant of the Estate of Thomas Lynn Morris's ("the Estate") motion to dismiss Mid-Century's complaint for declaratory judgment. Mid-Century raises one issue which we revise and restate as whether the trial court abused its discretion in granting the Estate's motion to dismiss. We affirm.

The relevant facts as stated in Mid-Century's first amended complaint follow.[1] Mid-Century, a reciprocal insurance exchange operating under California law with its principal headquarters in California, issued an automobile liability policy to Dora Robinson which listed Daemen Sampson as a named insured. The policy provided bodily injury limits of $50,000 per person and $100,000 per occurrence. On December 2, 2004, Sampson was operating a vehicle, and Michael Ogle and Thomas Lynn Morris were passengers in the vehicle when the vehicle was involved in a collision with a vehicle driven by Marcia Flaherty.[2]

Prior to the Estate filing suit, Mid-Century believed that the total $100,000 per occurrence liability limits may be exhausted by the three injured party claimants who sustained injuries as a result of the accident. In December 2004, a representative of Mid-Century wrote to the Estate advising of its involvement in handling this claim. On December 10, 2004, J. Kevin King of Cline, King & King, P.C. (the "King Firm"),

---

[1] Mid-Century did not request a transcript in its notice of appeal. The Estate cites to a transcript of a February 8, 2011 hearing in its brief, but the record does not contain the transcript.

[2] Mid-Century's first amended complaint does not specify who was injured or the extent of the injuries.

advised Mid-Century of its representation of the Estate. That same day, Mid-Century responded to the King Firm by advising it of the limited liability limits available and the other potential claimants.

King demanded payment of the $50,000 limit on behalf of the Estate. Mid-Century's representative explained to King that Mid-Century wanted to attempt to resolve all claims within the insured's policy limits. King "became upset" and indicated that he would send a policy limit demand. Appellant's Appendix at 168. On January 10, 2005, King faxed a time limit policy demand giving Mid-Century seven days to pay its limit to the Estate. Mid-Century advised King that it would consider the demand upon receipt of all supporting documentation, including information concerning the two other claimants. On January 13, 2005, King sent another letter to Mid-Century indicating that all information requested by Mid-Century had been provided and reiterated the demand, the time limit to expire on January 17, 2005, and the Estate's intention to seek an excess judgment in the event that sum of the proceeds was not forthcoming.

On January 18, 2005, the Estate filed suit against Sampson in the Bartholomew Superior Court. Mid-Century retained representation for Sampson. On February 3, 2005, Mid-Century filed a petition to intervene indicating its desire to resolve the multiple claims against Sampson and to pay the policy's proceeds upon the claimant's release of Sampson. On May 12, 2005, the court granted Mid-Century's petition to intervene and instructed Mid-Century to file a complaint for interpleader, which Mid-Century filed on May 24, 2005.

On January 13, 2006, Mid-Century "unconditionally tendered the $50,000 Policy to the ESTATE based upon the facts that Flaherty was to receive underinsured motorist proceeds from her carrier and exhaustion of the limits for the ESTATE would not jeopardize SAMPSON'S rights with regard to the other two potential claimants." Id. at 169. In response to Mid-Century's unconditional tender, the Estate "rejected Policy limits as 'untimely' without further explanation." Id.

Sampson's refusal to participate in discovery resulted in a court order of default on liability issues in the case. Mid-Century "continued to provide a defense and tender of its limits to the ESTATE at all times prior to the entry of the judgment," but "agreed to do so through SAMPSON'S personal attorney . . . as independent defense counsel to handle any issue with regard to the motion to enforce the consent judgment or entry of the same." Id. at 170.

On April 13, 2010, King proposed a consent judgment in the amount of $850,000, and Mid-Century rejected the proposal on May 20, 2010. The action proceeded to trial and the Bartholomew Superior Court entered a Judgment on Jury Verdict for the Estate in the amount of $1,195,024.00. The Policy's proceeds had been deposited with the Court by Mid-Century per its interpleader action.

On July 23, 2010, Sampson entered into an "Assignment of All Claims and Covenant Not to Execute" in which he assigned "all claims, including breach of contract, negligence, statutory violations, insurance bad faith, that he may have against 'Farmers Insurance Group of Companies/The Mid-Century Insurance Company of Los Angeles, California or any related entity of the Farmers Insurance Group of Companies/The Mid-

4

Century Insurance Company of Los Angeles, California," to the Estate. Id. at 171. Sampson "never requested MID-CENTURY's consent to enter into the settlement by way of the Assignment or for dismissal of the appeal, and did not have MID-CENTURY's consent." Id.

On July 28, 2010, Mid-Century filed a complaint for declaratory relief against the Estate in the Brown Circuit Court. Mid-Century requested the court to declare: (1) Mid-Century's "failure to tender its limits within seven (7) days was made in good faith in an attempt to protect its insured from multiple claimants arising from a single occurrence where the liability limits were insufficient to provide the insured with protection of all claims, without sufficient time to investigate all claims;" (2) the Estate's "time limit demand of seven (7) days was unreasonable;" (3) the Estate "had no reasonable basis in which to deny [Mid-Century's] tender of policy limits after all potential claimants were involved in the litigation and had agreed to mediate the apportionment of limits;" (4) Mid-Century "breached no duty of good faith and fair dealing owed to its insured;" (5) the "insured's conduct in entering into first a later non-enforced settlement and then Assignment without [Mid-Century's] consent was a violation of the Conditions section of the policy;" (6) the "insured breached the contract by entering [into] first a later non-enforced settlement and Assignment agreement leaving [sic] [Mid-Century] from any obligation on the policy;" and (7) Mid-Century "is not obligated to pay any portion of the judgment in excess of its Policy's limits." Id. at 34-35.

5

On October 4, 2010, the Estate filed a motion to dismiss pursuant to Ind. Trial Rule 12(B)(6).[3] The Estate argued that Mid-Century's declaratory action should be dismissed because its grounds for relief are defenses to a bad faith action in tort and are not proper subjects for declaratory judgment, no issues of contractual interpretation remain to be litigated, and granting Mid-Century's complaint would deprive the Estate of its right to determine whether, when, and where it will file a bad faith action. On December 28, 2010, the Estate filed a motion to strike Exhibits A to N of Mid-Century's complaint for declaratory relief, which included the policy, correspondence, the assignment, and pleadings, and a letter from the King Firm regarding an attempt to resolve the litigation attached as Exhibit A of Mid-Century's response to the Estate's motion to dismiss. At some point, the Estate filed a complaint against Mid-Century in California and alleged bad faith. Mid-Century argued that the forum was inconvenient. The case was ultimately dismissed without prejudice.

On February 17, 2011, the court granted the Estate's motion to dismiss. The court stated:

> Having reviewed the authorities submitted by the parties, the Court finds that the [Estate's] motion to dismiss should be, and hereby is granted. Mid-Century Insurance Company (Mid-Century) brought its complaint pursuant to the Indiana Declaratory Judgment Act, I.C. 34-14-1-1 *et seq*. The underlying facts giving rise to this action involve an auto accident that occurred in December 2004 in which Thomas Lynn Morris was killed. Mr. Morris was a passenger in a vehicle driven by Defendant Sampson and insured by Mid-Century. Another vehicle, driven by Marcia Flaherty, also was involved in the accident. The Estate filed suit against Sampson in January 2005 in the Bartholomew Superior Court 2. Mid-Century defended

---

[3] The court granted the Estate's motion for extension of time to respond to Mid-Century's complaint and ordered the Estate to respond by October 4, 2010.

Sampson and also paid for private counsel for Mr. Sampson. Trial was held in May of 2010 and a jury verdict was rendered in favor of the Estate in the amount of $1,195,024.00. Mid-Century's insurance policy provided bodily injury limits of $50,000.00 per person and $100,000.00 per occurrence.

In this declaratory judgment action, Mid-Century seeks a declaration from the court on eight issues. These issues include a declaration that certain actions taken by Mid-Century during settlement negotiations in the Bartholomew County lawsuit were made in good faith; that certain actions of the Estate in those negotiations were unreasonable; that the Estate had no reasonable basis to deny Mid-Century's tender of policy limits during negotiations; that Mid-Century breached no duty of good faith and fair dealing owed to its insured; that Mr. Sampson's entry into a proposed settlement and later assignment to the Estate of any action Sampson might have against Mid-Century for bad faith violated the conditions of the policy; that Mr. Sampson breached the contract of insurance by entering into the purported settlement and assignment agreement; and that Mid-Century is not obligated to pay any portion of the judgment in excess of its policy limits. The majority of these requests are, in essence, a request for this Court to determine that Mid-Century acted in good faith in dealing with its insured, Mr. Sampson. At the time the declaratory judgment action was filed by Mid-Century, Mr. Sampson had assigned to the Estate any right Mr. Sampson had to a cause of action against Mid-Century for bad faith, but no such bad faith action had been filed against Mid-Century. On February 1, 2011, approximately a week prior to the hearing, the Estate did file an action against Mid-Century in California for, *inter alia*, bad faith refusal to settle in the Bartholomew County case.

Indiana's Declaratory Judgment Act provides courts with the "power to declare rights, status and other legal relations whether or not further relief is or could be claimed." I.C. 34-14-1-1. The act applies to "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise," and allows the person to "have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereof." I.C. 34-14-1-2. Pursuant to I.C. 34-14-1-12, the act is to be remedial. "The purpose of the chapter is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered." As noted by the Court in *Thompson v. Medical Licensing Bd.*, 180 Ind. App. 333, 343

[389 N.E.2d 43, 50] (Ind. Ct. App. 1979), [reh'g denied, cert. denied,] "[h]owever, liberal construction does not mean 'carte blanche'. A declaratory judgment is said to be proper if another legal remedy exists, only 'where it is appropriate,'" (*citing*, Ind. Rules Procedure, TR 57). In this action, Mid-Century does not ask this Court to "settle and afford relief from uncertainty and insecurity" with respect to the parties' rights, status and other legal relations arising from the insurance contract and settlement negotiations in the Bartholomew County case. Rather, Mid-Century asks this court to determine, by way of declaratory judgment, whether Mr. Sampson breached the contract of insurance and whether Mid-Century's actions in the Bartholomew County case constituted good faith dealing with their insured. In essence, Mid-Century asks this Court to declare whether possible defenses to a prospective, now actual, bad faith claim are valid. These are not appropriate decisions for this Court to make under Indiana's Declaratory Judgment Act, and are more appropriately resolved through other legal remedies. *See, [Cunningham] Brothers, Inc. v. Bail, et al.*, 407 F.2d 1165 (7th Cir. 1969)[, cert. denied, 395 U.S. 959 (1969)]. For this reason, the motion to dismiss Mid-Century's complaint filed by the Estate and joined in by Mr. Sampson is granted. Pursuant to Trial Rule 12(B), [Mid-Century] shall have 10 days after service of this order to amend its pleading pursuant to Rule 15(A). The cause shall be dismissed 10 days from today's date absent such amendment.

Id. at 22-24. The court denied the Estate's motion to strike with respect to Exhibit A which contained the policy and was attached to Mid-Century's complaint and granted the Estate's motion with respect to Exhibits B through N.

On February 28, 2011, Mid-Century filed its First Amended Complaint which listed two counts: Count I, "Breach of Contract;" and "Count II, "Declaration of Rights." Id. at 172, 174. Under Count I, Mid-Century requested the court to make the following declarations: (1) Sampson was in breach of his obligation to cooperate in his defense under the insurance contract prior to the settlement and assignment to the Estate; (2) Sampson breached the contract by repeatedly entering into a settlement and Assignment agreement; (3) the Estate can have no greater rights than Sampson would have under the

8

policy; (4) Mid-Century is relieved from any obligation on the policy as a result of the breaches discussed above; and (5) Mid-Century is not obligated to pay any portion of the judgment in excess of its policy's limits. Under Count II, Mid-Century requested the court to make the same declarations as it requested in its July 28, 2010 complaint. On March 10, 2011, the Estate filed a motion to dismiss Mid-Century's First Amended Complaint. On May 17, 2011, the trial court in California dismissed the complaint without prejudice, and Mid-Century filed a Notice to the Court Regarding Dismissal of California Case in the Brown Circuit Court on May 20, 2011.

On May 27, 2011, the court granted the Estate's motion to dismiss. The court's order stated:

> Although Mid-Century has now clearly denominated two counts, one captioned breach of contract and one captioned declaration of rights, both counts refer to and seek relief under Indiana's Declaratory Judgment Act. The Act allows the Court to "determine[] any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereof." I.C. 34-14-1-2. Counts I and II of the First Amendment [sic] Complaint, seeking a declaration of breach of contract and a declaration of rights, respectively, do not seek a determination of the construction or validity of the insurance policy. Nor does the complaint seek a determination of the rights of the parties that could provide relief from uncertainty before the parties continue in a course of conduct or change positions in reliance on an inaccurate appraisal of their rights. The issues raised in the complaint are not appropriate for determination under the Declaratory Judgment Act. The apparent dismissal of the related California action does not change this ruling. Accordingly, the motion to dismiss Mid-Century's First Amended Complaint is granted.

Id. at 20-21. On August 1, 2011, the Estate filed a complaint against Mid-Century in Ohio and alleged breach of contract and breach of good faith and fair dealing in settling and defending claims against the insured.

9

The issue is whether the court abused its discretion in granting the Estate's motion to dismiss under Ind. Trial Rule 12(B)(6). A trial court's decision on a "defendant's motion to dismiss a declaratory judgment action, to the extent the defendant challenges the appropriateness of declaratory relief, is reviewed for an abuse of discretion." Quiring v. GEICO Gen. Ins. Co., 953 N.E.2d 119, 125 (Ind. Ct. App. 2011) (citing KLLM, Inc. v. Legg, 826 N.E.2d 136, 144-145 (Ind. Ct. App. 2005), trans. denied). The standard of review as stated in KLLM, Inc. v. Legg follows:

> The use of a declaratory judgment is discretionary with the court; therefore, a trial court's decision to allow a declaratory judgment to proceed is reviewed for an abuse of discretion. See Community Hosps. of Indiana, Inc. v. Estate of North, 661 N.E.2d 1235, 1241 (Ind. Ct. App. 1996), trans. denied. When reviewing a Trial Rule 12(B)(6) motion to dismiss in a declaratory judgment action, the facts as alleged in the complaint must be taken as true. Volkswagenwerk, A.G. v. Watson, 181 Ind. App. 155, 390 N.E.2d 1082, 1084 (1979).

826 N.E.2d 136, 144 (Ind. Ct. App. 2005), trans. denied.

Indiana's declaratory judgment statute provides that trial courts, within their respective jurisdictions, "have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Ind. Code § 34-14-1-1. "Any person interested under a . . . written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the . . . contract . . . . and obtain a declaration of rights, status, or other legal relations thereunder." Ind. Code § 34-14-1-2. The declaratory judgment statute's stated purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations," and it "is to be liberally construed and administered." Ind.

Code § 34-14-1-12. In applying the statute, a trial court "may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Ind. Code § 34-14-1-6.

When considering a motion for declaratory judgment, the test to be applied is whether the issuance of a declaratory judgment will effectively solve the problem, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient. Dible v. City of Lafayette, 713 N.E.2d 269, 272 (Ind. 1999) (citing Volkswagenwerk, A.G., 181 Ind. App. 155, 390 N.E.2d at 1085). The determinative factor is whether the declaratory action will result in a just and more expeditious and economical determination of the entire controversy. Dible, 713 N.E.2d at 272. The use of a declaratory judgment is discretionary with the court and is usually unnecessary where a full and adequate remedy is already provided by another form of action. Id. However, according to Ind. Trial Rule 57, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Id. "Although an action for declaratory judgment in Indiana may be appropriate to construe a contract, it is an inappropriate vehicle if its use would result in 'piecemeal' litigation." U.S. Fidelity and Guar. Ins. Co. v. Hartson-Kennedy Cabinet Top Co. Inc., 857 N.E.2d 1033, 1039 (Ind. Ct. App. 2006) (citations omitted).

Generally, an insurance company is entitled to maintain a declaratory judgment action to determine the coverage of its policies. Ind. Lumbermens Mut. Ins. Co. v. Am. Log Homes, Inc., 774 N.E.2d 603, 606 (Ind. Ct. App. 2002). "The primary purpose of

11

declaratory relief is to permit a plaintiff to obtain a declaration of its rights and liabilities before proceeding with a course of conduct for which it might be held liable, not to declare nonliability for past conduct." 22A AM. JUR. 2D *Declaratory Judgments* § 129 (2012). "A declaratory judgment is not available where the judgment cannot guide and protect the petitioner with regard to some future acts, such as where the insurance company has already denied the claim." Id.

Mid-Century alleges that it sought "a finding that Sampson, the insured, breached the policy of insurance and that Mid-Century did not breach any obligations it had to its insured that arose from the contract of insurance." Appellant's Brief at 7. Mid-Century argues that "[a] grant or denial of the relief requested . . . will effectively solve the problem, serve a useful purpose, and is the effective and efficient method to resolve the dispute." Id. Mid-Century contends that "[e]ven if the bad faith component were premature, the court is still empowered to determine whether Sampson breached his insurance contract by entering into the assignment," and that "[i]f the court determined that Sampson breached the insurance contract, the breach would relieve Mid-Century from any further obligation under the contract." Id. at 10. Mid-Century also argues that "if the court were to find Mid-Century did not breach its obligations under the insurance contract the declaration would fully resolve the issues to be addressed." Id.

The Estate argues that "Mid-Century is not requesting construction of their insurance policy," but is "seeking declarations of their 'good faith' in handling the Estate's claim which is at issue and their insured's alleged failure to cooperate with Mid-Century's defense of that claim." Appellee's Brief at 11. The Estate also argues that

12

"Mid-Century's requests for declarations would necessarily require preemptive litigation of disputed facts about the behavior of the parties to the insurance policy in question," and that "Mid-Century's request for declaratory relief went beyond merely construing the contract language and on that basis alone the Circuit Court was not obliged to grant the declaratory judgment Mid-Century requested." Id. at 17.

In its reply brief, Mid-Century argues that "[t]here can be no question that by its action, Mid-Century was seeking a determination of its rights and obligations stemming from the contract of insurance given its insured's breach of the cooperation clause and Mid-Century's extension of a defense under the policy even after this breach." Appellant's Reply Brief at 9. Mid-Century maintains that it "does not seek a determination of liability but a construction of a contract after it was breached to determine the insured's breach of the policy and coverage obligations thereunder." Id. at 10.

The record reveals that Mid-Century sought a declaratory judgment relating to whether its past conduct was performed in good faith. In other words, Mid-Century essentially attempts to preemptively defend against a claim of breach of duty of good faith. Under the circumstances and given the claims involved, we cannot say that declaratory relief is appropriate or that the trial court abused its discretion in granting the Estate's motion to dismiss. See Volkswagenwerk, A.G., 181 Ind. App. at 162, 390 N.E.2d at 1086 (holding that the movant for a declaratory judgment was improperly attempting to try issues or determine the validity of defenses in pending cases); Morgan v. Guar. Nat'l Cos., 268 Ga. 343, 345, 489 S.E.2d 803, 806 (1997) ("Because [the

13

insurer] has not demonstrated a need for a legal judgment that would control its future action, in that its defenses to any claim under the policy can be presented when suit is entered by [the insured], a declaratory judgment action was inappropriate."); cf. Chicago & E. Ill. R.R. Co. v. Reserve Ins. Co., 99 Ill. App. 3d 433, 437-438, 425 N.E.2d 429, 433 (1981) (holding that the rationale for concluding that it is generally an abuse of discretion to grant declaratory relief relating to nonliability for past conduct is that such proceedings deprive an aggrieved party of the right to decide if, when, and where to file an action to redress the wrong which it allegedly suffered and holding that it was an abuse of discretion to grant declaratory relief on the issue of whether the insured breached the provisions of its insurance policies), reh'g denied.

For the foregoing reasons, we affirm the trial court's grant of the Estate's motion to dismiss Mid-Century's complaint for declaratory judgment.

Affirmed.

MAY, J., and CRONE, J., concur.